J. C. MEYERINGH *et al.*, Appellants, v. JOHN WENDT, Administrator, Appellee, and J. D. NEWCOMER, Intervenor, Appellant.

**Estates of Decedents:** NEGLIGENCE OF ADMINISTRATOR: EVIDENCE. Where an administrator commenced an action upon a certificate in a mutual benefit association to recover the amount thereof for the heirs of the estate, and thereafter an attorney, with apparent authority,

appearing for the heirs, the administrator, not knowing that the heirs were minors, appeared no further in the case, either in person or by attorney, but the case was prosecuted to judgment, and it was determined that an assignee of the certificate, who had intervened, was entitled to the insurance, but said judgment was reversed upon appeal, after the insurance had been collected by said assignee, *held*, that said assignee, having failed to repay said insurance, and being insolvent, the administrator was not liable to the heirs for the amount thereof on the ground of negligence.

*Appeal from Hardin District Court.*—Hon. John L. Stevens, Judge.

Thursday, October 20, 1892.

The plaintiffs, heirs at law of J. Meyeringh, deceased, bring this action to charge the defendant, as administrator, with the proceeds of a certain policy of life insurance on the life of said deceased, upon the grounds that he "allowed the same to be squandered and consumed." J. D. Newcomer, as guardian of the minor heirs of the deceased, intervenes, asking like relief against the defendant, Wendt. The cause was submitted to the court, and judgment entered in favor of defendant for costs, from which the plaintiffs and the intervenor appeal.—*Affirmed.*

*C. E. Albrook*, for plaintiffs, appellants.

*N. S. Carpenter*, for intervenor, appellant.

*John S. Roberts*, for appellee.

Given, J.—It appears from the pleadings and proofs that the defendant was appointed administrator of J. Meyeringh, and that there was no property belonging to the estate except a certificate of insurance on the life of the deceased in the Iowa Legion of Honor, number 64,004, for two thousand dollars. Immediately after his appointment he commenced an action against the Iowa Legion of Honor to recover on said certificate. One Breighthaupt intervened in that action, claiming the money by virtue of an assignment of the

certificate.   C. E. Albrook, an attorney of that court, appeared and filed an answer on behalf of these plaintiffs, claiming that the assignment to Breighthaupt was void; that they were residents of the Netherlands and asking that the cause be continued that they might have time to forward a power of attorney to Albrook to act for them, and proofs of their heirship; also that the money be detained, and that judgment be entered confirming in them the right to the proceeds of said insurance.   The Iowa Legion of Honor, by permission of the court, paid the money into the hands of the clerk, to abide the result of the litigation.   That cause came on for hearing to the court, Gilman & Roberts appearing for Breighthaupt and C. E. Albrook appearing for the legal heirs, and the other defendants appearing not at all, nor any of them.   Judgment was entered in favor of the intervenor, Breighthaupt, for the amount of the policy, in pursuance of which he drew the money from the clerk.   Thereafter these complainants prosecuted an appeal from said judgment to this court, and the order of the lower court was reversed. See *Wendt v. Iowa Legion of Honor*, 72 Iowa, 682. These plaintiffs appeared before the court from which the appeal was taken by C. E. Albrook, their attorney, and claimed judgment against Breighthaupt for the amount of the policy.   On March 1, 1889, the intervenor, Newcomer, was appointed guardian of these plaintiffs, it then being made to appear for the first time that they were minors.   Breighthaupt failing to pay back the money, this action is prosecuted by the plaintiffs and the intervenor to recover it from the defendant, Wendt, upon the ground that he was negligent in not appearing and prosecuting the action wherein Breighthaupt intervened, by reason of which, and the insolvency of Breighthaupt, it is alleged that said money has been lost to the estate.

Numerous authorities are cited to show the degree

of care that must be exercised by administrators, all of
which may be said to be aptly summed up in the
following, quoted from Bouvier's Law Dictionary:.
"The administrator is bound to use due diligence in
the management of the estate. He is responsible for
waste which may happen for his default." Passing
the question whether or not this administrator was ever
entitled to, or did so come into the control of the proceeds
of this life insurance as to be chargeable therewith, we
inquire whether the facts show him to have been so
negligent in the matter as to render him liable therefor..
It is stated by witnesses that he did not appear in per-
son or by attorney in the trial of the action brought by
him to recover the insurance money. It will be observed,
however, that before the trial Mr. Albrook, an attor--
ney of that court, had appeared for these plaintiffs,
and asserted their right to the money as against Breigh-.
thaupt. . Wendt, as administrator, only sought to.
recover it for their benefit, and, they thus appearing,
he might well consider that there was no necessity
for his further appearance in the matter, as they could.
contest Breighthaupt's right as fully as he could.
Wendt certainly had the right to assume that Albrook
appeared for the heirs by authority, and, indeed, the
letters exhibited to the answer filed by him in that case
would seem to show authority. It must be remem--
bered that at that time it had not appeared that these
plaintiffs were minors. We are of the opinion that,.
under the circumstances as they were then known to.
the defendant, Wendt, it was not negligent for him to.
fail to appear and defend against the claim of Breigh--
thaupt in that case, nor did diligence require that he
should have joined in the appeal. We think the inter-
venor and the plaintiffs have failed to show such neg--
ligence on the part of Wendt as should charge him
with the proceeds of said insurance.

The judgment of the district court is AFFIRMED.