## HANKS, ADM'R, v. VAN GARDER.

59 179
111 462
59 179
e129 492

1. **Practice in Supreme Court:** TRIAL DE NOVO: OBJECTIONS TO EVIDENCE. In the trial of a cause *de novo* the Supreme Court will not consider objections to the admission of testimony made in the court below.

2. ————: MOTION TO SUPPRESS DEPOSITION NOT ENLARGED. When a motion is made by plaintiff in the court below to suppress *one* part of a deposition on *one* ground, he cannot under cover of that motion be heard to argue in the appellate court that *another* part of the deposition was inadmissible and should have been suppressed on *another* ground.

3. ————: MOTION NOT RULED ON DEEMED WAIVED. When a motion to exclude testimony or to suppress a deposition is made in the court below, but does not appear to have been ruled on, the appellate court will deem the motion to have been waived.

4. **Evidence:** HUSBAND AND WIFE: PROHIBITED COMMUNICATION. The widow of the intestate testified to the transfer of a claim to her by her husband before his death: *held* not incompetent as disclosing a communication between husband and wife.

*Appeal from Allamakee District Court.*

THURSDAY, JULY 13.

ACTION to foreclose a chattel mortgage. The plaintiff, as administrator of the estate of J. C. Cayton, deceased, holds a promissory note drawn for $986.73, executed by the defendant to the plaintiff's intestate, and secured by a mortgage on certain stock, grain and farming machinery, and which is the mortgage now sought to be foreclosed. The defendant for answer avers that the note and mortgage were given solely to indemnify the plaintiff's intestate against certain liabilities incurred for him in becoming his surety for indebtedness; and that the liabilities have now been discharged so far as the estate of the plaintiff's intestate is concerned. The court found the allegations of the defendant's answer to be true and dismissed the plaintiff's petition. He appeals.

*Burling & Stowe,* for appellant.

*A. S. Powers,* for appellee.

ADAMS, J.—The plaintiff insists that a portion of the evidence was wrongly admitted. But the case is triable *de novo,* and we have only to inquire whether the evidence which was properly admitted is sufficient to maintain the defense. The note and mortgage were given in March, 1878. One A. B. Cayton testified that in the winter of 1879 and 1880 he heard the intestate say that he had a mortgage on stock and machinery given him by Van Garder to secure him for signing as surety to one J. N. Smith, one P. W. McLelland and one Nathan Lamborn. It is not shown that more than one mortgage was executed by the defendant to the intestate upon stock and machinery. We think, therefore, that the reasonable inference is that the mortgage referred to by the intestate was the one now in suit.

1. PRACTICE in supreme court: trial de novo: objection to testimony.

Hanks, Adm'r, v. Van Garder.

We come next to inquire whether the indebtedness due Smith, McLelland and Lamborn respectively, has been paid. The Lamborn indebtedness the defendant testifies that he paid himself. The plaintiff insists in argument that the defendant was incompetent to testify to such fact as against the plaintiff as administrator. But while the plaintiff moved to suppress a part of the deposition he did not move to suppress this part, and did not move to suppress any part on the ground that the defendant was incompetent to testify against the plaintiff as administrator. On the reading of the deposition he objected to the part above set out, but only on the ground that it was irrelevant and immaterial, and such objection it is manifest was not well taken.

2. ——: motion to suppress deposition not enlarged.

As to the payment of the Smith notes the defendant testified as follows: "Int. 9. Have you the notes? If so produce them. Ans. I have not got them; Cayton had them; I gave him some other notes in payment and he then assumed the payment of the Smith notes and took them up." The plaintiff moved to exclude this testimony as not responsive, but the motion does not appear to have been ruled upon and the ruling therefore must be deemed to have been waived.

3. ——: motion not ruled on deemed waived.

As to the McLelland indebtedness the defendant testified as follows: "It was put in judgment and the judgment was paid or purchased by Cayton." The plaintiff objected to this testimony as irrelevant and immaterial and incompetent, as seeking to disclose a personal transaction with the decedent. In our opinion the objection was not well taken.

We have only to inquire whether anything is due to the intestate's estate by reason of the payments which the intestate made. We have already set out some evidence tending to show that the defendant gave the intestate notes by reason of which the intestate assumed the payment of the Smith notes. But he further testified, and as it appears without objection, when asked whether he had paid the Smith notes

upon which Cayton was surety, that he did by giving a mortgage and notes against one Mrs. C. Martin. As to the McLelland indebtedness Mrs. Cayton testified as follows: "Int. Does the estate of James C. Cayton now hold the claim against Van Garder on the McLelland note or judgment? Ans. No; it is my claim; it was assigned to me by Cayton before he died." This was objected to as irrelevant, immaterial and incompetent, as seeking to disclose a communication from husband to wife. In our opinion the objection was not well taken. The transfer of a claim is not a communication, we think, within the meaning of the statute. Before the deposition of Mrs. Cayton was read, the plaintiff filed a motion to suppress it on the ground that the witness was the widow of the intestate and interested in the estate. The motion does not appear to have been ruled on and must be deemed to have been waived.

4. EVIDENCE: husband and wife; prohibited communication.

In our opinion the plaintiff's petition was rightly dismissed.

AFFIRMED.