Stephenson et al. v. Stephenson.

STEPHENSON ET AL v. STEPHENSON.

1. **Life Insurance:** CHANGE OF BENEFICIARY BY WILL OF THE ASSURED: NOT ALLOWED IN VIOLATION OF COMPANY'S BY-LAWS. The by-laws of the Northwestern Masonic Aid Association provides that "any member may change the name or names of the beneficiaries designated (in his certificate of membership) upon application in writing to the secretary, stating to whom he desires such benefits paid, whereupon the secretary, upon surrender of his old certificate, shall change upon the record the name of such beneficiary, and issue a new certificate accordingly, of the same number as the old one:"—*Held* that a change in the name of the beneficiaries could be made only in the manner provided in such by-laws, and that it could not be done by a provision in the will of the member.

*Appeal from Appanoose Circuit Court.*

TUESDAY, OCTOBER 21.

THE Northwestern Masonic Aid Association filed a petition in which both the plaintiffs and defendant were made defendants, the object of the action being to determine which of the parties was entitled to certain life insurance, which the association was willing to pay to whichever party was entitled thereto. The court directed the parties to interplead, and issue was thereby joined between them, and the court held that the defendant was entitled to four-fifths of the insurance, and the plaintiff appeals.

*A. J. Baker*, for appellants.

*Tannehill & Fee* and *Vermillion & Vermillion*, for appellee.

SEEVERS, J.—The Northwestern Masonic Aid Association is a corporation existing under and by virtue of the laws of the state of Illinois. "The particular business for which it was formed was to cause pecuniary aid to the widows, orphans, heirs and devisees of the deceased members of the association." Robert Stephenson became a member of the

association, and received a certificate of membership, which provided, in substance, that, if said Stephenson was a member of the association at his death, the association would pay four-fifths of twenty-five hundred dollars "to his wife Rachael," and to his daughter, Mary Ann Denoon, one-fifth of the sum above stated.

The by-laws of the association formed a part of the contract of insurance, the material portion of which is as follows:

"ART. 4, SEC. 4. In all applications for membership, the applicant shall designate to whom he desires benefits paid, and his certificate of membership shall be made in conformity therewith: *Provided*, that any member may change the name or names of the beneficiaries designated as aforesaid, upon application in writing to the secretary, stating to whom he desires such benefits paid; whereupon the secretary, upon the surrender of his old certificate, shall change upon the record the name of such beneficiary, and issue a new certificate accordingly, of the same number as the old one."

Prior to his death, Robert Stephenson executed a will containing the following devise: "I bequeath to my sons, Thos. Stephenson, John F. Stephenson, and my daughter, Mary Ann Denoon, twenty-five hundred dollars, the proceeds of my life insurance, in equal shares;" and the plaintiffs insist that under the will they are entitled to all of the insurance; and the defendant to no part of it. Counsel for plaintiffs maintain that the interest of the defendant in the policy during the lifetime of her husband, because of the power reserved to change the beneficiary, was a mere expectancy, and that she had no vested interest therein. We do not deem it essential to determine this question, because, if no change was made in the manner provided in the by-laws, which formed a part of the contract of insurance, then it cannot be successfully denied, we think, that the defendant was entitled to four-fifths of the insurance.

The contract between the association and Robert Stephenson was that the former should pay the insurance to the per-

sons named in the certificate of membership, unless he should change the name of the beneficiaries; and the manner in which this should be done formed a part of the contract of insurance. The contract required that application in writing should be made to the secretary, stating the name of the person or persons he desired to receive the insurance; whereupon the secretary, upon the surrender of the old certificate, was required to change upon the record of the association the name of the beneficiary, and issue a new certificate accordingly. Until the contemplated change was made on the books of the association, and a new certificate issued, the obligation to pay the beneficiary whose name appeared on the books of the association continued to exist.

At the time Robert Stephenson died, the defendant was entitled to the insurance, as appeared by the books of the association. Therefore the association was bound to pay the insurance to her, unless the designation by will of the plaintiffs as beneficiaries entitled them to the whole insurance.

Counsel for the plaintiffs insist that where a power is reserved, and no mode of executing it is provided, it may be executed by will. Possibly this is so; but, whether so or not, it will be conceded for the purpose of this case. One difficulty in the application of such a rule to this case is, that a mode of executing the reserved power is provided in the contract, and it is conceded that such a mode was not adopted. It was perfectly competent for the parties to contract as they did, and the mode of executing the reserved power provided in the contract cannot be regarded as an idle ceremony, because substantially a new contract was made upon its being complied with, and thereby all doubt upon the part of the association as to who was the beneficiary was removed. Because such mode was not adopted in this case, creates the doubt we are called on to solve.

We therefore think the mode agreed upon in the contract, whereby the name of the beneficiary should be changed, was made a matter of substance, and should be complied with.

The execution of a will, and therein naming the persons as beneficiaries, is not such a compliance, because, at the time Robert Stephenson died, the defendant under the contract was entitled to the insurance. At that time she was the beneficiary, and her right at the death of Stephenson became vested. A will has no effect upon the rights of any one until the death of the testator. It takes effect after his death. Prior to that time it is inoperative.

The following cases are to some extent, at least, in accord with the foregoing views. *Van McClure v. Johnson*, 56 Iowa, 620; *Kentucky Masonic Mutual Life Insurance Company v. Miller's Administrator*, 13 Bush, 489; *Foster v. Gile*, 50 Wis., 603. *Supreme Council v. Priest*, 46 Mich., 429, is distinguishable.

AFFIRMED.