MITCHELL v. GRAND LODGE IOWA KNIGHTS OF HONOR ET AL.

1. **Life Insurance**: IOWA KNIGHTS OF HONOR: WHO MAY BE BENEFICIARY. The articles of incorporation of the Iowa Knights of Honor provide that upon the death of a member "a sum not exceeding $2,000 shall be paid to his family, or as he may direct." *Held* that, where a member's certificate named one not his wife, heir or member of his family as beneficiary, such person, not his wife, was entitled to the benefit after his death; the member having the right, under the articles, to name whom he pleased as his beneficiary, whether a member of his family or not.

*Appeal from Jasper Circuit Court.*

·WEDNESDAY, DECEMBER 15.

THE Grand Lodge Iowa Knights of Honor, is a corporation organized under the laws of Iowa, and, as its name implies, such corporation has supreme power in such organization in this state. Subordinate lodges were formed under its authority, one of which is the Newton Branch, No. 1. Charles F. Mitchell became a member of that branch, and, as such, became, or rather his beneficiary, at Mitchell's death, became, entitled to a certain amount of a benefit fund, as provided in the rules and regulations of the order. The plaintiff is the widow of said Mitchell, and brought this

action to recover such amount. A demurrer to the petition was sustained, and the plaintiff appeals.

*Stahl Bros. & Gilman*, for appellant.

*Winslow & Varnum*, for appellee.

SEEVERS, J.—The articles of incorporation and constitution of the grand and subordinate lodges are made a part of the petition, and it is conceded that the benefit fund, to recover which is the object of this action, must be paid to the person entitled thereto, as provided therein. A certificate of membership was issued to the deceased, and, when issued, it was therein stated that Margaret F. Mitchell was the beneficiary, and entitled to receive such portion of the benefit fund as was due, by virtue of the membership of said Charles F. Mitchell. Said Margaret, however, was not his wife, heir or member of his family; and the sole question to be determined is whether she or the plaintiff is entitled to the fund.

The articles of incorporation provide "that the object of this corporation shall be to unite all acceptable men, of every profession,      *      *      *      to provide benevolence and charity, by establishing a widows' and orphans' fund, from which, on satisfactory evidence of the death of a member of the corporation,      *      *      *      a sum not exceeding two thousand dollars shall be paid to his family, or as he may direct.      *      *      *" It is further provided in the constitution of subordinate lodges that every applicant for membership "must be a male person.      *      *      *      competent to earn a livelihood for himself and family."

It is contended by counsel for the appellant that the avowed object of the corporation is to provide a widows' and orphans' fund for the family of deceased members, and that the widow and children of the deceased member are named as a class to whom the fund is due and must be paid. That it is the primary object of the corporation to provide such a

fund for the benefit of widows and children of deceased members must, we think, be conceded, but it is just as clearly provided that the fund shall be paid to such beneficiary as the member may direct. If it had been intended that such direction must be confined to a member of the family of the member, we think it would have so been said in express terms. As the absolute power is given the member to designate who the beneficiary shall be, and as this has been done, we are unable to see how such direction can be disregarded, and the fund paid to some one else. We understand this to be the uniform holding of the courts that have been called upon to determine a similar question, under articles of incorporation identical, in substance, at least, with the controlling provisions of the articles of incorporation which must govern in this case. *Gentry v Supreme Lodge Knights of Honor*, 23 Fed. Rep., 718; *Highland v. Highland*, 109 Ill., 366; *Supreme Lodge Knights of Honor v. Martin*, 12 Ins. Law J., 628; *Knights of Honor v. Nairn*, 59 Mich.; S. C., 26 N. W. Rep., 826; *Stephenson v. Stephenson*, 64 Iowa, 534.

Counsel for the appellant have cited a number of adjudged cases, but in none of them was there a provision in the articles of incorporation or rules of the order like that in question, and they have only a remote, if any, application to the case in hand.

The judgment of the district court is.

AFFIRMED.