Wendt, Adm'r, v. The Iowa Legion of Honor et al.

WENDT, ADM'R, v. THE IOWA LEGION OF HONOR ET AL.

1. **Life Insurance**: IOWA LEGION OF HONOR: CHANGE OF BENEFICIARY. A member of the Iowa Legion of Honor may change the beneficiary named in his certificate of membership, under a provision to that effect contained in the constitution of the order, which becomes, by operation of law, a part of the contract between the order and the member; but no such change can be made except in the manner designated in such provision; and the acts relied on in this case (see opinion) to effect a change of beneficiaries, not being a compliance, nor an attempt to comply, with such provision, are *held* not sufficient to make such change.

2. ———: ———: ———: WHO MAY QUESTION VALIDITY OF. Where a member of the Iowa Legion of Honor had in his certificate designated his "legal heirs" as his beneficiaries, but afterwards, in a paper which he named his "last will," but which was no will in law, he named B. as

his beneficiary, but failed to comply with the rules of the order in effecting a change of beneficiaries, held that the right to object to the method of the attempted change was not limited to the order, but that the "legal heirs" might object, for the purpose of showing that no change had in law been effected, and that they were entitled to the benefit.

### Appeal from Hardin Circuit Court.

### WEDNESDAY, OCTOBER 19.

ACTION to recover upon a certificate issued by defendant to Jacobus Meyeringh, plaintiff's intestate, showing that he was a member of the Iowa Legion of Honor, and that, at his death, $2,000 should be paid to his legal heirs. G. F. Breithaupt and the heirs of Meyeringh intervened separately, claiming the amount of the benefit. Upon a trial, without a jury, the circuit court rendered judgment for Breithaupt. The heirs appeal.

C. E. Albrook, for appellants.

J. S. Roberts and F. Gilman, for appellee.

BECK, J.—The petition alleges that defendant is a corporation, organized under the laws of Iowa, and doing business as an insurance company, and that it issued to plaintiff's intestate a certificate, of which the following is a copy:

"THE GRAND LODGE OF THE IOWA LEGION OF HONOR.

"This certificate, issued by the authority of the Grand Lodge of the Iowa Legion of Honor, witnesseth that Brother Jacobus Meyeringh, a member of German Lodge No. 15 of said order, located at Ackley, in the state of Iowa, is entitled to all the rights and privileges of membership in the Iowa Legion of Honor, and to participate in the beneficiary fund of the order to the amount of two thousand dollars, *which sum shall at his death be paid to his legal heirs*. This certificate is issued upon the express condition that said Jacobus Meyeringh shall, in every particular, while a member of said order, comply with all the laws, rules and requirements thereof. In witness whereof the Grand Lodge of Iowa has caused this beneficiary certificate to be signed by its grand

president and grand secretary, and the seal thereof to be attached, the 16th day of October, A. D., 1883.

"C. S. LAKE, Grand President.

"Attest:   L. K. MILLER, Grand Secretary.

[Seal attached.]

"We, the undersigned, president and recording secretary of German Lodge No. 15, do hereby countersign this certificate, and attach the seal of this lodge hereunto, rendering the same valid and in full force, this 16th day of October, A. D., 1883.                           S. BLOCH, President.

"Attest:   E. T. TOOL, Recording Secretary."

[Seal attached.]

The death of Meyeringh, and that he was a member of the organization in good standing, and other matters showing defendant's liability, are alleged in the petition.   The defendant does not deny liability upon the certificate, and paid the amount into the court, to be disposed of as should be directed by the final judgment.   Breithaupt intervened, claiming the money due upon the certificate, basing his claim upon an assignment and transfer thereof by the person to whom it was issued, under an instrument of writing in the following words:

"My own handwriting.   God, amen.   My last will.   The undersigned, Jacobus Meyeringh, in 1883, horse-doctor, in Ackley, declares herein that when the undersigned should die, his life insurance policy, great $2,000, No. 6,404, from 16th October, 1883, issued, must become to G. F. Breithaupt, who holds policy.

"*Ackley, Iowa, Central House, October* 17, 1883.

"J. MEYERINGH, Horse-Doctor."

In an amendment to his petition of intervention, Breithaupt alleges that he paid certain assessments in pursuance of a demand made by defendant; that such payments were in accord with the terms of the policy, and the by-laws and constitution of defendant, and an oral agreement made by the intervenor and the assured.   Jacoba Clara Meyeringh,

and other children of Jacobus Meyeringh, to whom the certificate was issued, intervene, and claim the money as his heirs. They deny the claim of the other intervenor, and allege that the assignment under which he claims is void. The circuit court held that Breithaupt is entitled to recover the money, and entered judgment to that effect. The plaintiff, the administrator of Meyeringh, makes no complaint of the decision of the court below, and does not appeal. The defendant, as has been stated, paid the money into court. No questions arise on this appeal involving the rights of these parties.

II. Counsel for the heirs insist that the money due from defendant, the contract being in fact an insurance upon the life of his clients' father, cannot be disposed of by his will; and the counsel for the other intervenor claim that it was competent for the assured, under the doctrine of the courts, to change the beneficiaries of the insurance, and direct that the money to become due thereon should be paid to others. We find it unnecessary to determine these questions of law, for the reason that we hold the instrument executed by the assured, under which the first intervenor claims, cannot have the force and effect of a will, and that, assuming the assured could change the beneficiaries, he did not do so in the manner prescribed by the contract, and his expressed intention and oral declarations did not have such effect.

III. It cannot be claimed that the instrument executed by the assured has the force and effect of a will. It has never been admitted to probate, and could not be, for the reason that it was not witnessed in the manner prescribed by the statute. It is needless to say anything more upon this point.

IV. It cannot be denied that, under the condition of the contract, the assured could direct payment to be made to a person other than those named in the certificate as beneficiaries. The provisions of the constitution of defendant pertaining to the subject, under familiar rules of the law, are a part of the contract, which contains this section: "Any member hold-

1. LIFE insurance: Iowa Legion of Honor: change of beneficiary.

ing a beneficiary certificate, desiring at any time to make a new direction as to its payment, may do so by authorizing such change in writing on the back of his certificate in the form thereon prescribed, attested by the recording secretary, with the seal of the lodge attached, and the recording secretary shall report such action to the grand secretary." This condition of the contract was not complied with, and, indeed, there seems to have been no attempt to comply with it. But it is insisted that, as there was an oral understanding between the assured, Breithaupt, and the secretary of the subordinate lodge to which assured belonged, that the beneficiaries were changed in pursuance of the paper called a will, and payments of assessments were made by Breithaupt, this is a sufficient compliance with the requirements of the constitution. But the secretary had no authority to assent to the change, and, had he done so in the form required by the constitution, his act would have been void; and he had no authority to waive the requirement by receiving payments from the intervenor.

V.    But it is said that this is a matter to which defendant can only object. We think differently. While the heirs, during the life of the assured, had no right in the policy, their interest being nothing more than in expectancy, upon his death they acquired rights which cannot be cut off except in the manner prescribed by the contract. If that was not done, the defendant could not, even by positive consent after their rights had attached, by act or word do anything to defeat these rights. It is controlled by the contract as it was at the death of the assured. But if it be assumed that the defendant could have waived the requirements of the contract before the death of the deceased, there is no evidence to show that the wish or purpose of assured to make Breithaupt the beneficiary, and that the assessments were paid by him, were known and assented to by the officers of defendant.

We reach the conclusion that, upon the facts of the case,

*2. ——: ——: ——: who may question validity of.*

the judgment should have been for the intervenors, who are the heirs of the assured, and that there is no evidence supporting the judgment of the court below. It is therefore

REVERSED.