ELIZABETH H. SHUMAN, Appellant, v. ANCIENT ORDER OF UNITED WORKMEN AND JOHN V. GEUVER, Appellees.

**Change of Beneficiary:** CONSTITUTION OF SOCIETY: *Part of contract.* Where a certificate of membership is issued by a benefit association the constitution enters into and becomes a part thereof, and a member has no absolute legal right to change the beneficiaries but in the explicit manner pointed out by such instrument.

VESTED RIGHTS OF ORIGINAL BENEFICIARY. Where a member of a benefit association failed to comply with the rules regulating the manner in which a change of beneficiary might be made, and made such change the day before his death, and the association had no knowledge until after his death that he wished such a change, the original beneficiary had acquired on his death a vested interest, which could·not be affected by any act of the insurer.

SAME: *No interference by equity.* Where a member of a benefit association has had possession of a certificate for .more than fifteen years, and, on the day before his death changes the beneficiary, but not in the manner provided for in the constitution of the association, equity will not treat the change as having legally been made, where no reason is shown why the change might not have been made prior to such time in the precise manner required by the terms of the contract.

*Appeal from Linn District Court.*—HON. H. M. REMLEY; Judge.

WEDNESDAY, APRIL 11, 1900.

ACTION in equity upon a certificate of membership in defendant order. There was a trial upon the merits, and judgment for the defendant John W. Gruver.   Plaintiff appeals.—*Reversed.*

*Deacon & Good* for appellant.

*Preston, Wheeler & Moffitt* for appellees.

SHERWIN, J.—This is an action upon a certificate of membership issued by the Ancient Order of United Workmen to Philip J. Shuman, in which the plaintiff, his widow, is named as beneficiary.  The defendant John W. Gruver filed an answer and cross petition, in which he admitted that plaintiff was the beneficiary named in the certificate issued to the deceased, Philip J. Shuman, but alleged that on the twenty-seventh day of May, 1897, Philip J. Shuman, by written indorsement on the back of said certificate of membership, surrendered the same to said order, and directed that a new certificate be issued, in which John W. Gruver be named as beneficiary.  The Ancient Order of United Workmen admits its liability on the certificate to some one, and has paid the amount due thereon into court, to await the final decision of the matter.

The question as to who is entitled to this fund is before us for determination, and, as we view it, is one of law only. The constitution of the Ancient Order of United Workmen providing for a change of beneficiary is in the following language: "Any member holding a beneficiary certificate, desiring at any time to make a new direction as to its payment, may do so by authorizing such change in writing on the back of his certificate in the form prescribed, said member's signature, attested by the recorder, with the seal of the lodge attached, and by payment to the grand lodge the sum of fifty cents; but no change shall be

valid, or have any binding force or effect until such change shall have been reported to the grand recorder, the old certificate filed with him, and new beneficiary certificate issued thereon, said new certificate to be numbered the same as the old certificate; provided, however, should it be impracticable for the recorder to witness the signature of the brother, attestation of his signature may be made by a notary public, or an officer authorized to acknowledge deeds and a change made in any other manner shall not be valid." On the back of the certificate in question was the following indorsement: "I, P. J. Shuman, to whom the within certificate was issued, do hereby revoke my former direction as to the payment of the beneficiary fund due at my death, and now authorize and direct such payment to be made to John Wesley Gruver, bearing relationship to myself of nephew. Witness my hand and seal this 27th day of May, 1897. P. J. Shuman. Witnesses to signature: J. G. Graves, I. W. Scott. Attest: A. Campbell, Recorder." The recorder, A. Campbell, was not present when this indorsement was signed by P. J. Shuman, nor did he see Shuman after he signed it and before his death. His attestation was made some time after Shuman signed, but on the same day. No fee was paid for the change. Shuman died on the twenty-eighth day of May, 1897, the day after he signed the indorsement. The certificate, with the indorsement thereon, was mailed to the grand lodge the same day that Shuman died, and was received at its office in Des Moines on the twenty-ninth day of May, 1897, and no new or other certificate was issued by the grand lodge.

That the constitution of the Ancient Order of United Workmen entered into and became a part of the certificate of insurance issued to Philip J. Shuman cannot be questioned. The constitution gave him the right to change beneficiaries, but explicitly pointed out the manner in which such change should be made. This method was fixed and was binding upon the assured. It was the method he had agreed to, and he had no absolute legal right

to effect a change of beneficiaries in any other manner. *Stephenson v. Stephenson,* 64 Iowa, 534; *Wendt v. Legion of Honor,* 72 Iowa, 682; *Legion of Honor v. Smith,* 45 N. J. Eq. 466 (17 Atl. Rep. 770); *Holland v. Taylor,* 111 Ind. 121, (12 N. E. Rep. 116); *Knights of Honor v. Nairn,* 60 Mich. 44, (26 N. W. Rep. 826); *Elliott v. Whedbee,* 94 N. C. 115; *Mellows v. Mellows,* 61 N. H. 137. It is conceded that, when the contract is silent as to the manner of changing beneficiaries, it may be done in the most informal manner. *Hirschl v. Clark,* 81 Iowa, 200; *Schmidt v. Association,* 82 Iowa, 304. We have held that, where a new certificate has been issued during the lifetime of the assured, all irregularities with reference to the manner of making the change were waived. *Simcoke v. Grand Lodge,* 84 Iowa, 383; *Depee v. Grand Lodge,* 106 Iowa, 747. These decisions are bottomed upon the principle that the contracting parties are alone interested during the life of the assured, and may make new contracts or waive the provisions of existing ones, and are not in conflict with *Stephenson v. Stephenson* and *Wendt v. Legion of Honor, supra.*

The appellee Gruver contends that this cause, having been tried in equity, falls within certain exceptions, which have been recognized by the courts in some cases involving a change of beneficiaries, which exceptions are as follows: "(1) If the society has waived a strict compliance with its own rules, and, in pursuance of a request of the insured to change his beneficiary, has issued a new certificate to him, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued. (2) If it be beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been legally made. (3) If the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but, before the new certificate is actually issued, he dies, a court of equity will decree that to

be done which ought to be done, and act as though the certificate had been issued."

The first of these exceptions is clearly recognized in *Simcoke v. Grand Lodge* and *Depee v. Grand Lodge, supra,* and is not applicable to the case at bar; for here nothing was waived by the defendant order, and no new certificate was issued.

If there is any evidence tending even to show that this case falls within the second exception named, counsel for appellee have failed to direct us to it. The deceased had the certificate for more than fifteen years, always under his control. There is no reason shown why this change might not have been made at any time previous to his death, in precisely the manner required by the terms of the contract.

As to the third exception, it will be noticed that the first essential therein is that the insured pursued the course pointed out by the law of the association. This Shuman clearly did not do, nor did the defendant order have any information from any source of his desire to effect a change of beneficiaries until after his death. When the order first learned of this desire on his part, the plaintiff had acquired a vested right that could not be disturbed by any act of the insurer. *Wendt v. Legion of Honor, supra;* Niblack Mutual Benefit Societies p. 415. This case is not within any of the exceptions named. The attempted change of beneficiaries was void, under the circumstances, and did not vest any right in John W. Gruver. This conclusion is not in conflict with *Supreme Conclave v. Cappella* (C. C.) 41 Fed. Rep. 1, relied upon by appellee, nor with the other cases cited by him which we have been able to examine. The plaintiff is entitled to the proceeds of the certificate issued by the Ancient Order of United Workmen to Philip J. Shuman, her husband, and the custodian of said fund is directed to pay the same to her. She will also have judgment against the defendant John W. Gruver for her costs.—REVERSED.