MODERN WOODMEN OF AMERICA v. MATE LITTLE, Appellee, JENNIE M. LITTLE, Appellant.

**Mutual Benefit Insurance:** CHANGE OF BENEFICIARY. A member of a mutual benefit association designated his wife and sister as the beneficiaries in his certificate, and on his death bed requested by letter that his wife be made the sole beneficiary, which letter was not received by the association until after

the member's death, when the letter was returned without any
action thereon. The by-laws of the association prescribed the
mode of changing the beneficiary of a certificate by surrender
of the certificate to the camp clerk by the member, and a filling
out by him of the surrender clause thereon in the clerk's pres-
ence. *Held,* that the change could only be made in the mode
provided by the by-laws.

*Appeal from Blackhawk District Court.*—HON. A. S. BLAIR,
Judge.

SATURDAY, MAY 18, 1901.

THIS case was submitted upon an agreed statement of
facts, substantially as follows: The plaintiff is a mutual
benefit society on the assessment plan, with a head camp and
local camps, one of which local camps, known as "No. 105,"
was at McGregor, Iowa. W. E. Little held a certificate of
membership in this organization, in which the defendants
Mate Little, his wife, and Jennie M. Little, his sister, were
named as the beneficiaries. On the evening of February 8,
1898, Mr. Little, then in full membership, after a long ill-
ness, died at Independence, Iowa. On the morning of
February 8th, Mrs. Little wrote a letter to the secretary of
camp No. 105, as follows: "Independence, Iowa, Feb. 8th.
Mr. Henry Bell—Dear Sir: Mr. Little and I have been
talking over business affairs, and he tells me he had his
Woodmen insurance made so his sister, Jen, would get half
in case of death. He has since changed his mind, and wants
it changed, and made payable to me, if I outlive him; if I
die first, he wants his legal heirs to get his insurance. If
you can and will, please fix it that way, and we will be
much obliged to you. His policy is in the tin box we put
in the vault at the bank. Frank Gilman knows about it,
and if you need it he can get it for you. Mr. Little is feel-
ing quite poorly, but we still hope his new Dr. may bring
him out. We are trying not to leave anything undone.
Mrs. M. E. Little." At the bottom of this letter the follow-
ing postscript was added: "To Na-bor-bell this is in ac-

cordance to my desire and instruction. Respt., W. E.. Little.". This letter was not received by the secretary until' after Mr. Little's death, and was returned, without any action thereon, to Mrs. Little on February 13th, as requested by her in the letter of February 9, 1898. Proofs of death were furnished, but as Mrs. Little claimed the entire proceeds, and Jennie M. Little claimed one-half thereof, the plaintiff, admitting its liability to some person, brought the money and the defendants into court, and asked that their rights be determined between them. The defendants filed cross petitions, claiming as already stated, and by consent one half the money was paid to Mrs. Little, the other half held to abide the result of this litigation, and the plaintiff was discharged from further liability. The court below rendered judgment in favor of Mrs. Mate Little for the full amount. Jennie M. Little appeals.—*Reversed.*

*Mullan & Pickett* for appellant.

*J. T. Sullivan* for appellee.

GIVEN, C. J.—In addition to the foregoing, it is agreed that the by-laws of the plaintiff contain a provision as follows: "Sec. 43. Change of Beneficiaries. If a member in good standing at any time desires a change in the name of his beneficiary or beneficiaries, he shall pay the camp clerk a fee of fifty cents, and deliver to him his benefit certificate, with the surrender clause on the back thereof duly filled out and executed by him, designating therein the change desired in the name of the beneficiary or beneficiaries. The execution of such surrender clause by the neighbor shall be in the presence of and attested by his camp clerk; provided, however, that, if the member be so situated that he cannot execute the said surrender in the presence of the clerk of his camp, the signature of the member thereto may be attested by the jurat or acknowledgment of any person authorized by law to administer oaths and take acknowledgments. The

local clerk shall forward said certificate, with said surrender clause indorsed thereon, and one-half of said fee of fifty cents, to the head clerk, who shall thereupon issue a new benefit certificate, payable to the beneficiary or beneficiaries named in said surrender clause: provided, further, that the new beneficiary or beneficiaries so named shall be within the description of beneficiaries contained in section 42 thereof. No change in the designation of the beneficiaries shall be of binding force, unless made in compliance with this section." No question is made but that this by-law became a part of the contract. Appellant contends that this mode of changing beneficiaries is to the exclusion of every other; that the change can only be made in the manner provided; and as that was not done there was no change. Appellee contends that, as no rights vested in the beneficiary prior to the death of the insured, the insured had the right to change the beneficiary at any time that he desired; that the provisions of the by-laws as to the manner of changing beneficiaries was for the convenience of the company; and that the company could waive said provisions. Appellee cites Bacon, Benefit Societies, sections 308, 616, wherein it is said: "Although the rule is settled that change of beneficiary must be made in the manner prescribed by the laws of the society, with some exceptions, it is also now equally well settled that the society may waive compliance with the required formalities." As to the exceptions, reference is made to section 310, which relates to the "jurisdiction of equity in aid of imperfect change of beneficiaries"; referring to *Grand Lodge v. Child,* 70 Mich. 163 (38 N. W. Rep. 1), and *Grand Lodge v. Noll,* 90 Mich. 37 (51 N. W. Rep. 268, 15 L. R. A. 350). By referring to those cases, it will be seen that the facts were different from this, and that the conclusion rested upon finding that the insurer had failed and refused to do what it should have done to establish the change.

*Splawn v. Chew,* 60 Tex. 532, and *Manning v. United Workmen,* 86 Ky. 136 (5 S. W. Rep. 385), are cited, and it must be conceded that, if these cases are to be accepted as authority, they go far to support appellee's contention. Chew held a certificate in the American Legion of Honor, in which his father and mother were named as beneficiaries. By will, which was duly probated, he bequeathed the certificate and the proceeds thereof to his minor children, and the interest therein to his wife. The fund was claimed by both sets of beneficiaries, and by agreement it was paid to the bank, to be held to abide the litigation. The provisions as to changing beneficiaries were similar to those in this case. The court held that they were for the benefit of the company; that the company might waive them; that by the will there was a change; and that by not objecting the company waived the provisions as to the mode of making the change. The court said that the case seemed to be one of first impression; that no authorities precisely in point had been furnished; and that, as between the parties to that suit, the change of beneficiaries was fully effected by the will of Mr. Chew. In the *Case of Manning* a certificate had been issued to Robert K. Manning, January 13, 1879, in which his brother Delly J. was named as beneficiary. This certificate was kept for Robert by the recorder of his local lodge. Robert afterwards married, and on the day of his marriage, June 5, 1879, when distant from his subordinate lodge, and not knowing that his certificate had been issued, he wrote to an officer of his subordinate lodge as follows: "Please find inclosed my dues lodge No. 2, A. O. U. W., three dollars; and in return please send my policy made out to Mrs. Josie A. Manning, and oblige, etc. Very respectfully, R. K. Manning." Mr. Manning was killed July 25, 1879. On September 16, 1879, after his death, the company issued a certificate dated July 10, 1879, wherein Mrs. Manning was designated as beneficiary, and shortly thereafter paid her the

money. Delly J. Manning brought his action to recover as beneficiary under the first certificate. The provisions as to the change of beneficiary were similar to those in this case. The opinion concludes as follows: "In our opinion the letter of June 5, 1879, operated to change the direction of the benefit, inasmuch as the appellee saw fit to waive its informality; and as the insured had therefore done all that was needed on his part, the fact that the appellee issued the new certificate after his death does not affect the right of the parties. If the appellee were in court with the fund, asking that the following rights of the claimants to it be determined, and was silent as to the informality of the direction to change the benefit, it seems to us that the widow ought to prevail." We cannot agree with the reasoning or the conclusions in these cases. Surely, it is not correct to say that the provisions of the contract as to the mode in which beneficiaries may be changed are solely for the benefit of the insurer. They are for the benefit of all concerned, to the end that it may at all times be certain who is the beneficiary. Being part of the contract, they may be changed by agreement, and another mode adopted. Such an agreement requires the consent of both parties. If an offer by the insured to have the beneficiary changed in another way than that provided is accepted and acted upon by the insurer, then we have another agreement, and in such case both parties waived the original provision. It is undisputed that the rights of the beneficiary became vested the moment the assured died; hence it cannot be that the insurer can thereafter change these rights. Neither in this nor in the cited cases had the insurer done anything to waive the contract. In this and in the *Case of Chew* nothing was done, and in *Manning's Case* it was held that the issuing of the certificate after death did not affect the right of the parties.

We think it entirely clear, upon reason and authority, that, where the parties have agreed upon a mode by which a change of beneficiaries may be effected, the change can only

be made in that mode, unless by subsequent agreement, by offer and waiver or otherwise, a different mode is agreed upon.    As by the death the rights of the beneficiary became absolutely vested, no change can be thereafter accomplished. When the mode of changing is made a subject of contract, that contract can only be altered by the consent of both parties during the life of the insured.    In *Stephenson v. Stephenson*, 64 Iowa, 534, this court said: "We therefore think the mode agreed upon in the contract, whereby the name of the beneficiary should be changed, was made a matter of substance, and should be complied with.    The execution of the will, and therein naming the persons as beneficiaries, is not such a compliance, because, at the time Robert Stephenson died, the defendant, under the contract, was entitled to the insurance.    At that time she was the beneficiary, and her right at the death of Stephenson became vested.    The will has no effect upon the rights of anyone until the death of the testator.    It takes effect after his death.    Prior to that time it is inoperative."    Without further quotations, we refer to the following cases as fully supporting our conclusions: *Wendt v. Legion of Honor*, 72 Iowa, 683; *Shuman v. United Workmen*, 110 Iowa, 642; *Hainer v. Legion of Honor*, 78 Iowa, 246; Niblack, Benefit Societies (2d Ed.), 218-220, inclusive, and section 222; *Olmstead v. Society*, 37 Kan. Sup. 93 (14 Pac. Rep. 449); *Supreme Council v. Smith*, 45 N. J. Ch. 466 (17 Atl. Rep. 770); *Barton v. Association*, 63 N. H. 535 (3 Atl. Rep. 627); *Grand Lodge v. Connolly*, 58 N. J. Ch. 180 (43 Atl. Rep. 286).    It follows from these conclusions that the judgment of the district court must be REVERSED.