LLOYD v. ROYAL UNION MUT. LIFE INS. CO.

(District Court, N. D. Iowa, Cedar Rapids Division. October 3, 1917.)

No. 90.

1. WITNESSES ⟐⟐52(5)—COMPETENCY—HUSBAND AND WIFE.
Code Iowa, 1897, § 4607, providing that neither husband nor wife can be examined in any case as to any communication by the one to the other, does not prevent either testifying to transfer of a claim by one to the other.

2. INSURANCE ⟐⟐585(3)—LIFE INSURANCE—BENEFICIARY—DIVORCE.
Right of beneficiary under life policy on her husband's life is not defeated by divorce.

3. INSURANCE ⟐⟐585(1)—LIFE INSURANCE—BENEFICIARY—VESTED INTEREST.
Beneficiary under a policy of a company organized under the life insurance laws, as distinguished from a fraternal or mutual benefit association, takes a vested interest, which cannot be impaired by act of assured and the company without her assent.

4. INSURANCE ⟐⟐587—LIFE INSURANCE—ACTION—DEFENSE—DUPLICATE POLICY WITH NEW BENEFICIARY.
It is no defense to beneficiary's action on life policy, providing that under certain conditions insured may designate a new beneficiary, by filing written request, "together with this policy, such change to take effect on the indorsement thereof on the policy by the company," that, while the policy was in the named beneficiary's hands, it accepted from assured his affidavit that the policy was lost, and his indemnity agreement, and issued in lieu of the policy a duplicate, on which it indorsed the name of another as beneficiary.

At Law. Action by Anzonetta M. Lloyd against the Royal Union Mutual Life Insurance Company. Judgment for plaintiff.

The plaintiff, Anzonetta M. Lloyd, a citizen of Illinois, brings this suit to recover from the defendant, Royal Union Mutual Life Insurance Company, an Iowa corporation, the sum of $5,000 and interest thereon, alleged to be due her upon a policy of insurance issued by the defendant March 4, 1912, upon the life of Edwin A. R. Lloyd, who was then the plaintiff's husband, in which plaintiff is named as the beneficiary entitled to receive the amount of such insurance upon the death of said Lloyd, a copy of which policy is attached to the petition as an exhibit. The plaintiff also alleges that, about March 18, 1912, Lloyd delivered to her said policy of insurance under an oral agreement with her that she should pay the annual premiums thereon from her own separate funds, during the lifetime of said Lloyd and receive the amount of such insurance upon his death; that thereafter she furnished the money to Lloyd from her own funds to pay such premiums until his death, which occurred December 25, 1915; that she has made due proofs to the defendant of such death, and demanded of it the amount due upon such policy, which it has refused to pay, and she asks judgment therefor.

The defendant's answer is in two counts or divisions, in the first of which it admits the issuance of the policy payable to the plaintiff as beneficiary, the payment of the annual premiums thereon, the death of Lloyd, and that said policy was in full force at the time of his death; and further alleges that it has neither knowledge nor information sufficient to form a belief as to whether or not the plaintiff paid the annual premiums upon said policy, or that said Lloyd ever transferred or delivered said policy to the plaintiff, and denies that plaintiff is entitled to recover either as beneficiary or as assignee or owner of said policy.

In the second division of its answer the defendant alleges as a further and equitable defense: That on or about February 4, 1915, and during the lifetime

of the insured, he filed with the defendant company his affidavit, stating that said policy had been lost and requesting the issuance of a duplicate thereof. That, relying upon the truth of said affidavit, the defendant did issue and deliver to said Edwin A. R. Lloyd a duplicate of said policy, and thereafter at his request and the presentation of said duplicate to its home office it did on February 8, 1915, indorse such duplicate as follows: "In accordance with the application of the insured the beneficiary under this policy is hereby changed from Anzonetta Lloyd, wife, to Della L. Kirk, mother of the insured. [Signed] Royal Union Mutual Life Insurance Company, Snyder A. Foster, Secretary." That thereby the said beneficiary was changed, and said Della L. Kirk became the beneficiary under said policy. That shortly after the death of the insured said Della L. Kirk filed written proofs of his death claiming to be the beneficiary under said policy, and thereafter on March 29, 1916, commenced suit in the district court of Cerro Gordo county upon said duplicate policy against this defendant; and such proceedings were had in said cause that on November ——, 1916, judgment was rendered in favor of said Della L. Kirk against this defendant for full amount thereof and costs. It further alleges that no written assignment or transfer of said policy was ever made by said Lloyd to the plaintiff, as required by the terms of said policy, and it prays that said alleged assignment and transfer of said policy to plaintiff be canceled and held for naught, that said policy in the hands of plaintiff be surrendered to the defendant or to the clerk of this court for the defendant, that plaintiff's petition be dismissed at her costs, and that defendant have judgment for such and further relief as it may be entitled to.

The policy contains the following clauses: "If the right of revocation has been reserved, or in case of the death of the designated beneficiary, the insured may at any time while the policy is in force, and subject to any existing assignment of the policy, designate a new beneficiary (with or without the right of revocation) by filing written request therefor at the home office, together with this policy; such change to take effect on the indorsement thereof on the policy by the company." "No assignment hereof shall be binding upon the company unless a duplicate original thereof shall have been filed at the home office. Assignment blanks will be furnished upon application. Proof of interest may be required when the policy becomes payable, or when any settlement thereof or thereunder is demanded. The company does not guarantee the validity of any assignment."

For reply to the second division of defendant's answer the plaintiff says: That at about the time of the issuance of the policy it was orally agreed between the insured, Edwin A. R. Lloyd, and the plaintiff, that, in consideration of the plaintiff paying said insured the premiums to become due on said policy, the said policy should be and remain the property of the plaintiff, and plaintiff entitled to the proceeds thereof upon his death; that said policy was by said insured delivered to the plaintiff in pursuance of said oral agreement, and has ever since remained in her possession up to the time of his death; that, relying on said agreement, she paid to the insured the annual premiums on said policy as they became due, the total sum so paid being about $600; that plaintiff had no knowledge of the alleged application for the issuance of a duplicate policy, or the issuance of one, and had never consented to the making or indorsing of said alleged change of beneficiary upon the policy until after the death of Lloyd; that said original policy was never at any time lost, but was at all times up to the time of the death of said insured in the possession of this plaintiff as owner thereof. Plaintiff further alleges that defendant received from said insured and now holds an indemnity agreement protecting defendant from loss by reason of issuing said duplicate policy; that the estate of said insured is solvent, and said indemnity agreement affords the defendant full protection against loss by reason of any judgment in favor of Della L. Kirk, as alleged in defendant's said answer. Plaintiff further avers that said insured had, as against this plaintiff, no right to change, and did not in fact change in accordance with the provisions of said policy, the beneficiary originally named therein, and said attempted change is void and of no effect as against this plaintiff.

The parties thereupon stipulated in writing that the cause should be transferred to the equity side of the court and tried to the court without a jury.

Neither party has challenged the sufficiency of the pleading, but the defendant, before answering, filed a motion asking that the plaintiff be required to bring in as a party to the suit the said Della L. Kirk, that her rights in or to said policy might be determined, alleging that the insured, prior to his death, designated her as beneficiary in the policy instead of the plaintiff; but such motion was never called to the attention of the court prior to the hearing, and was never ruled upon.

Leslie H. Whipp, of Chicago, Ill., and Crosby & Fordyce, of Cedar Rapids, Iowa, for plaintiff.

Dawley, Jordan & Dawley, of Cedar Rapids, Iowa, for defendant.

REED, District Judge (after stating the facts as above). But two questions are presented for determination:

First. Did the insured, shortly after the policy was issued, deliver the same to the plaintiff upon an oral agreement with her that she was to pay from her own funds the annual premiums thereon as they matured, and receive the amount of the insurance upon his death? And

Second. Did the insured prior to his death change the beneficiary named originally in the policy from his wife, the plaintiff, to his mother, Mrs. Kirk, in accordance with the terms prescribed in the policy?

[1] As to the first of these questions, it is the contention of the defendant (1) that the alleged oral assignment of the policy is not proven; or (2) if proven, that the policy under its terms can only be assigned in writing. The first of these contentions is that plaintiff, under section 4607, Code of Iowa (1897), is not a competent witness. That section provides:

"Neither husband nor wife can be examined in any case as to any communication made by the one to the other while married, nor shall they, after the marriage relation ceases, be permitted to reveal in testimony any such communication made while the marriage subsisted."

This section does not forbid either the husband or wife from testifying to the transfer of a claim by one to the other. Hanks v. Van Garder, 59 Iowa, 179, 13 N. W. 103; Sexton v. Sexton, 129 Iowa, 487, 491, 492, 105 N. W. 314, 2 L. R. A. (N. S.) 708; Wigmore on Evidence, § 2226, and note.

(2) But the policy does not forbid its assignment. It only provides that no assignment thereof shall be binding upon the company unless a duplicate thereof shall have been filed at the home office. Section 3046 of the Iowa Code (1897) provides:

"When by the terms of an instrument its assignment is prohibited, an assignment thereof shall nevertheless be valid, but the maker may avail himself of any defense or counterclaim against the assignee which he may have against any assignor thereof before notice of such assignment is given to him in writing."

Under this section an assignment of a policy of insurance, by the terms of which an assignment is expressly prohibited, is permitted, and the assignee may sue thereon in his own name. Mershon v. National Ins. Co., 34 Iowa, 87; Farmers' & Traders' Bank v. Johnson, 118 Iowa, 282, 286, 91 N. W. 1074.

[2, 3] As to the sufficiency of the testimony to establish the oral transfer of the policy, I find as a fact from the evidence that the policy,

shortly after it was made, was delivered by the insured to the plaintiff, as claimed by her, under an oral agreement that she was to pay from her own funds the annual premiums upon the policy, and at the death of the insured she was to receive the amount of the insurance, either as owner of the policy or as the beneficiary named therein, and that she fully performed her part of this agreement. The fact that plaintiff was afterwards divorced from the insured does not defeat her right to the insurance. White v. Brotherhood of Yeoman, 124 Iowa, 293, 295, 99 N. W. 1071, 66 L. R. A. 164, 104 Am. St. Rep. 323; Connecticut Mutual Life Ins. Co. v. Schaefer, 94 U. S. 457–462, 24 L. Ed. 251.

The defendant is a life insurance company organized under the laws of Iowa, and is therein conducting such an insurance business, and is not a fraternal or mutual benefit association. This distinction between these two classes of insurance is fundamental, and should be observed in the determination of these questions. In Carpenter v. Knapp, 101 Iowa, 712, at page 724, 70 N. W. 764, at page 766, 38 L. R. A. 128, this distinction and the rule in Iowa are clearly stated as follows:

"It is the general rule that a beneficiary under an ordinary life policy takes a vested interest therein at the moment the policy is executed and delivered, which cannot be impaired or defeated by any act of the assured, or of the assured and the company, to which said beneficiary does not assent" (citing many authorities).

To the same effect are Bliss on Life Insurance (2d Ed.) § 517; Wilmaser, Ex'r, v. Continental Life Ins. Co., 66 Iowa, 417, 23 N. W. 903, 55 Am. Rep. 277; Ricker v. Charter Oak Life Ins. Co., 27 Minn. 193, 6 N. W. 771, 38 Am. Rep. 289; Central Bank v. Hume, 128 U. S. 195, 206, 9 Sup. Ct. 41, 32 L. Ed. 370; Indiana National Life Ins. Co. v. McGinnis, 180 Ind. 9, 101 N. E. 289, 293, 45 L. R. A. (N. S.) 192; 3 A. & E. Enc. Law (2d Ed.) 980; Washington Life Ins. Co. v. Berwald, 97 Tex. 111, 76 S. W. 443, 1 Ann. Cas. 682, and note; Freund v. Freund, 218 Ill. 189, 75 N. E. 925, 109 Am. St. Rep. 283; Thomas v. Thomas, 131 N. Y. 205, 30 N. E. 61, 27 Am. St. Rep. 582; Strong v. Supreme Lodge, 189 N. Y. 346, 82 N. E. 433, 12 L. R. A. (N. S.) 1206, 121 Am. St. Rep. 902, 12 Ann. Cas. 941; Perry v. Tweedy, 128 Ga. 402, 57 S. E. 50, 119 Am. St. Rep. 393, 11 Ann. Cas. 46; Savage v. Modern Woodmen of America, 84 Kan. 63, 113 Pac. 802, 33 L. R. A. (N. S.) 773; 25 Cyc. 889–894.

And it follows that such policies are assignable, unless that be forbidden by statute, the company's charter, or the terms of the policy itself. Carpenter v. Knapp, above. The only exceptions to this rule are some early cases in Wisconsin, Clark v. Durand, 12 Wis. 223, which seems to have been modified in Ellison v. Straw, 116 Wis. 207, 92 N. W. 1094, and some later cases. 25 Cyc. 890. But as to mutual benefit associations the rule is different, and it is generally held in such cases, wherever the question has arisen, that the member may change the beneficiary named in the certificate or policy, unless the contract itself, its charter, or the statute provides to the contrary. Carpenter v. Knapp, above, and the authorities there cited. But this must be done in strict compliance with the contract, where that prescribes how the change shall be made. Wendt v. Iowa Legion of Honor, 72

Iowa, 682, 34 N. W. 470; Stephenson v. Stephenson, 64 Iowa, 534, 21 N. W. 19; Shuman v. A. O. U. W., 110 Iowa, 642, 82 N. W. 331; Modern Woodmen v. Little, 114 Iowa, 109, 86 N. W. 216; and see Wandell v. Mystic Toilers, 130 Iowa, 639, 105 N. W. 448; also Bauer v. Samson Lodge, 102 Ind. 262, 1 N. E. 571; Assurance Fund v. Allen, 106 Ind. 593, 7 N. E. 317; Freund v. Freund, 218 Ill. 189, 75 N. E. 925; American Legion of Honor v. Smith, 45 N. J. Eq. 466, 17 Atl. 770; Grand Lodge v. Connolly, 58 N. J. Eq. 180, 43 Atl. 286.

Many other authorities may be cited to the same effect, and it may be admitted that authorities to the contrary might be cited. But the authorities to the contrary are mostly based upon, or assumed to be, certificates issued by mutual benefit or fraternal associations. Thus in Wandell v. Mystic Toilers, 130 Iowa, 639, 105 N. W. 448, above, the contract in suit was upon a benefit certificate issued by the Mystic Toilers, a purely fraternal association, to a Mrs. Wandell, payable to the plaintiff who was her husband as beneficiary. The association made no defense, but the father of Mrs. Wandell intervened, and claimed the right to the insurance upon the ground that his daughter, the insured, prior to her death had changed the beneficiary from her husband to her father. The only question for determination was whether or not the change was effected in the manner prescribed in the certificate. Some members of the court were of opinion that the change had been so effected, and that the intervener was entitled to recover upon that ground. Others of the court were of opinion that the recovery should be upon the principles of equity. The previous cases in Iowa are reviewed, and Wendt v. Legion of Honor, 72 Iowa, 682, 34 N. W. 470, Stephenson v. Stephenson, 64 Iowa, 534, 21 N. W. 19, Modern Woodmen v. Little, 114 Iowa, 109, 86 N. W. 216, and Carpenter v. Knapp, 101 Iowa, 712, 70 N. W. 764, 38 L. R. A. 128, are approved.

In Central Bank v. Hume, 128 U. S. 195, at page 206, 9 Sup. Ct. 41, at page 44, 32 L. Ed. 370 (1915), there is a full review of the authorities, and it is said by Mr. Chief Justice Fuller:

"It is indeed the general rule that a policy of insurance (ordinary life) and the money to become due under it belong, the moment it is issued, to the person or persons named in it as the beneficiary or beneficiaries, and there is no power in the person procuring the insurance, by any act of his, by deed or by will, to transfer to any other person the interest of the person named without his or their consent" (citing authorities, including Ricker v. Charter Oak Ins. Co., 27 Minn. 193, 6 N. W. 771 [38 Am. Rep. 289], and other cases before cited).

In Modern Woodmen v. Little, 114 Iowa, 109, 86 N. W. 216, where it was contended that a change of beneficiary (in a fraternal association) by the insured in a manner other than as provided in the policy effected such change, the Supreme Court said:

"We cannot agree with the reasoning or the conclusions in these cases. Surely it is not correct to say that the provisions of the contract as to the mode in which beneficiaries may be changed are solely for the benefit of the insurer. They are for the benefit of all concerned, to the end that it may at all times be certain who is the beneficiary. * * * We think it entirely clear, upon reason and authority, that where the parties have agreed upon a mode by which a change of beneficiaries may be effected the change can only be made in that mode, unless by subsequent agreement * * * a different mode is agreed upon."

To the same effect are Stephenson v. Stephenson, 64 Iowa, 534, 21 N. W. 19; Wendt v. Legion of Honor, 72 Iowa, 682, 34 N. W. 470; Hainer v. Legion of Honor, 78 Iowa, 245, 43 N. W. 185; Shuman v. Ancient Order of United Workmen, 110 Iowa, 642, 82 N. W. 331.

The last-named case was a suit by the plaintiff upon a certificate of the Ancient Order of United Workmen, a purely fraternal association, issued to Phillip J. Shuman, in which the plaintiff, his widow, was named as beneficiary. The defendant Gruver filed an answer and cross-petition, in which it was admitted that plaintiff was the beneficiary named in the certificate, but alleged that by written indorsement upon said certificate the insured surrendered the same to the order and directed a new certificate to issue, in which Gruver should be named as beneficiary. The order admitted its liability on the certificate to some one, and paid the amount due thereon into court, to await the final determination of the matter. The trial resulted in a judgment in favor of defendant Gruver. The constitution of the order provided for a change of beneficiary in the following language:

"Any member holding a beneficiary certificate, desiring at any time to make a new direction as to its payment, may do so by authorizing such change in writing on the back of his certificate in a form prescribed; * * * but no change shall be valid, or have any binding force or effect, until such change shall have been reported to the grand recorder, the old certificate filed with him, and new beneficiary certificate issued thereon: * * * Provided, however, should it be impracticable for the recorder to witness the signature of the brother, attestation of his signature may be made by a notary public, or an officer authorized to acknowledge deeds, and a change made in any other manner shall not be valid."

On the back of the certificate was the following indorsement:

"I, P. J. Shuman, to whom the within certificate was issued, do hereby revoke my former direction as to the payment of the beneficiary fund due at my death, and now authorize and direct such payment to be made to John Wesley Gruver, bearing the relationship to myself of nephew. Witness my hand and seal this 27th day of May, 1897. P. J. Shuman. Witnesses to signature: J. G. Graves, I. W. Scott. Attest: A. Campbell, Recorder."

The recorder, Campbell, was not present when this indorsement was signed by P. J. Shuman, nor did he see Shuman after he signed it and before his death. His attestation was made some time after Shuman died, but on the same day. No fee was paid for the change. Shuman died on the next day, May 28th. The certificate, with the indorsement thereon, was mailed to the grand lodge the same day that Shuman died, and was received at its office in Des Moines the next day; but no new or other certificate was issued by the grand lodge. Judge Sherwin, speaking for the Supreme Court, said:

"That the constitution of the Ancient Order of United Workmen entered into and became a part of the certificate of insurance issued to Phillip J. Shuman cannot be questioned. The constitution gave him the right to change beneficiaries, but explicitly pointed out the manner in which such change should be made. This method was fixed, and was binding upon the assured. It was the method he had agreed to, and he had no absolute legal right to effect a change of beneficiaries in any other manner [citing Stephenson v. Stephenson, 64 Iowa, 534, 21 N. W. 19, Wendt v. Legion of Honor, 72 Iowa, 682, 34 N. W. 470, and other cases]. The appellee Gruver contends that this case, having been tried in equity, falls within certain exceptions, which have been recognized by the

courts in some cases involving a change of beneficiaries"—which exceptions are named in Supreme Conclave v. Cappella (C. C.) 41 Fed. 1.

Continuing, Judge Sherwin said:

"This case is not within * * * the exceptions named. The attempted change of beneficiaries was void, under the circumstances, and did not vest any right in John W. Gruver. This conclusion is not in conflict with Supreme Conclave v. Cappella [C. C.] 41 Fed. 1, relied upon by appellee, nor with the other cases cited by him which we have been able to examine. The plaintiff is entitled to the proceeds of the certificate issued by the Ancient Order of United Workmen to Phillip J. Shuman, her husband, and the custodian of said fund is directed to pay the same to her."

The only apparent difference between that case and this is that in this case a duplicate policy of insurance was issued upon the affidavit of the insured that the policy was lost, which was not true, and that the mother of the insured was named upon the duplicate policy as the beneficiary in lieu of the plaintiff; but this difference is deemed immaterial, and not sufficient to warrant a ruling different from that held in the Shuman Case.

The defendant relies upon Townsend v. Fidelity & Casualty Co., 163 Iowa, 713, 144 N. W. 574, L. R. A. 1915A, 109, as sustaining its contention. That was a suit upon two accident insurance policies wherein the insured a single man had named as beneficiaries a brother in one of the policies and a sister in the second. After his injury he made a will, in which he bequeathed to the plaintiff the proceeds of the first of the policies and certain other personal property, and to one Ellis in trust for his creditors, the proceeds of the second policy. Two days after his death, notice thereof, and of the will, and the attempted change of beneficiaries therein was given to the defendant Casualty Company. The company, holding to the view that no change of beneficiaries had been effected, declined to recognize the alleged rights of the legatees under the will, and they brought these actions to recover upon the policies. The person named as beneficiary in each of the policies intervened and asked to be adjudged entitled to receive the fund. The trial resulted in judgments in their favor, from which the plaintiff legatees under the will appealed. The defendant answered, admitting the issuance of the policies, the death of the insured, and that they were in force at the time of his death, but alleged that, according to the terms of the policies, the matter of changing the beneficiaries of such insurance is governed by rules indorsed upon the policies, which are:

"Sec. 20. The consent of the beneficiary shall not be required to the surrender or assignment of this policy, or to the change of beneficiary, or to any other change in the policy. No assignment of interest under this policy shall bind the company, unless the written consent of the company is indorsed hereon by the president, vice president, or one of the secretaries of the company. * * *"

It was held that under these rules there were no restrictions upon the right of the insured to change the beneficiaries in such manner as he might elect, and that such a change was effected by his will; that the assignment of the policy only was restricted, but, as no assignment thereof was attempted, the insured was at liberty to dispose of the pro-

ceeds of the policies in any way that he deemed advisable. That no departure from any prior decisions of the court was intended appears from the fact that Stephenson v. Stephenson, 64 Iowa, 534, 21 N. W. 19, Modern Woodmen v. Little, 114 Iowa, 109, 86 N. W. 216, and some other cases are reaffirmed. The case upon its facts seems inapplicable to any question involved in this controversy.

[4] The policy in suit was prepared by the defendant, and in plain, unambiguous terms provides:

"If the right of revocation has been reserved, or in case of the death of the designated beneficiary, the insured may at any time while the policy is in force, and subject to any existing assignment thereof, designate a new beneficiary (with or without the right of revocation) by filing written request therefor at the home office, together with this policy; such change to take effect on the indorsement thereof on the policy by the company."

These terms, if complied with, would have protected all of the parties to this controversy. The defendant knew that plaintiff was named as beneficiary in the policy, and should have known that upon its issuance and delivery she acquired an interest therein that could only be divested by a strict compliance with the terms it had so written. Instead of such compliance, it accepted from the insured his affidavit that the policy was lost (when in fact it had not been) and his agreement of indemnity therein, and issued in lieu thereof a duplicate, upon which it indorsed the name of his mother as beneficiary, in lieu of the plaintiff, in plain violation of the terms of the policy. If it shall suffer because of such attempted change, it will be because of its own disregard of the contract it had so written.

The conclusion therefore is that the second division of defendant's answer, praying equitable relief against the plaintiff, should be dismissed, for want of equity, at defendant's cost.

Upon plaintiff's petition and the first division of the defendant's answer thereto, a jury trial having been waived, the plaintiff is entitled to judgment against the defendant for $5,000, with interest thereon from the date of the delivery of plaintiff's proofs under the policy upon the defendant, with costs.

It is ordered accordingly.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes