TRAMBLAY v. SUPREME COUNCIL CATHOLIC BENEV. LEGION.

(Supreme Court, Appellate Division, First Department.   January 8, 1904.)

1 BENEFICIARY   ASSOCIATION — CHANGE   OF   BENEFICIARY — DEPENDENT — ESTOPPEL.

Where a member of a beneficiary association surrendered his certificate, to have the beneficiary changed, and a new certificate was issued, payable to "D., dependent," the association, after receiving the member's dues for 15 years thereafter, is estopped to deny that D. was his dependent, and to maintain that the issuance of the certificate was therefore an ultra vires act under its constitution and by-laws.

¶ 1. See Insurance, vol. 28, Cent. Dig. §§ 1837, 1866.

Appeal from Special Term, New York County.

Action by Delima Tramblay against the Supreme Council Catholic Benevolent Legion. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

T. M. Tyng, for appellant.

John C. McGuire, for respondent.

LAUGHLIN, J. This is an action on a beneficiary certificate issued by the defendant, a fraternal assessment association, to one Louis Fontaine, a member, by which upon his death it promised to pay a beneficiary fund to the plaintiff. Fontaine died on the 1st day of April, 1901. He applied for membership in the defendant by an application in writing dated the 9th day of April, 1886, in which he designated his daughter Henrietta as the beneficiary, subject to change pursuant to the laws of the defendant. A beneficiary certificate was issued to him on the 11th day of April, 1886, in accordance with the designation contained in the application. On the 1st day of September, 1886, he surrendered this certificate to the defendant, in the form and manner required in case of a change of designation of beneficiary, and requested that a new certificate be issued designating "Delima Tramblay, dependent," as his beneficiary. The defendant duly accepted the surrender of the first certificate, and issued to the deceased member a new certificate, dated the 1st of September, 1886, in and by which, upon condition that the material statements contained in his application and in the medical examination were true, and that he would strictly comply with the laws, rules, and regulations of the legion, it agreed, upon the death of the member in good standing, to pay out of its benefit fund to "Delima Tramblay, dependent," the sum to recover which this action was brought. This certificate was duly accepted by him in writing.

The contention of the defendant is that the plaintiff was not a "dependent," within the intent and meaning of the constitution, by-laws, and beneficiary certificate, and that, therefore, the beneficiary certificate is null and void on the ground that its issue was ultra vires. The defendant was incorporated on the 12th day of September, 1881, pursuant to the provisions of "An act concerning charitable, benevolent and beneficiary associations, societies and corporations," passed May 12, 1881. Its constitution provides that the particular business and object of the corporation, among other things, shall be "to afford moral and material aid to its members and their dependents by establishing a fund for the relief of sick and distressed members, and a beneficiary fund, from which, on satisfactory evidence of the death of a member, who shall have complied with all its lawful requirements, a sum not exceeding five thousand dollars shall be paid to the family or dependents of such member, as he shall have directed." The plaintiff alleged not only the issuance of the beneficiary certificate, but also that she was in fact from the time the certificate was issued to the time of Fontaine's death "a dependent of the said Louis Fontaine, to wit, his housekeeper." The answer admits the surrender of the

first certificate, and the issuance of the certificate upon which the plaintiff claims; but it is therein alleged that the plaintiff is not, and never has been, a member of the decedent's family, nor dependent upon him, within the meaning of the charter, constitution, and by-laws of the defendant, or so related to him as to entitle her to be named as his beneficiary, or to entitle her to receive the beneficiary fund. It is alleged in the complaint and admitted that no other change of beneficiary was made, and that Fontaine continued to pay his regular dues and assessments until the time of his death, and was then a member in good standing.

At the commencement of the trial the plaintiff moved for judgment upon the pleadings, upon the theory that the defendant was estopped from contending that the plaintiff was not a "dependent." This motion was denied. The plaintiff then rested her case upon the admissions contained in the pleadings. The defendant, therefore, moved for a dismissal of the complaint upon the ground that the plaintiff had failed to show that she was a "dependent" of the deceased, within the intent and meaning of the defendant's constitution, by-laws, and the beneficiary certificate. The court denied the motion. The defendant thereupon, under plaintiff's objection and exception that it was estopped therefrom, gave evidence tending to show that the plaintiff, when about 12 or 13 years of age, became a member of decedent's family, which then consisted of the decedent, his wife, son, and daughter; that she remained thereabout two or three years, and was known as the decedent's daughter or niece; that she then left for the purpose of bettering her condition, or was required to leave by the decedent's wife, who accused her of improper relations with the decedent; that shortly thereafter decedent and his wife separated on account of the plaintiff; that a few years thereafter the plaintiff was living with the deceased member as his housekeeper, and was known and addressed as his wife, and was so living with him at the time of the issuance of both beneficiary certificates. At the close of the case the court reserved its decision. In the opinion which was subsequently filed the court states that this evidence, which was received under plaintiff's objection and exception, was disregarded, and excluded from consideration, and judgment was directed for the defendant upon the theory that the designation of the plaintiff as a beneficiary was nugatory.

We think the defendant was estopped from claiming that the certificate was invalid on the theory that it had not authority to issue the same except to a member of the family of the decedent or to some one having a lawful claim upon him for support. It is neither averred nor claimed that the defendant was induced to issue the certificate designating the plaintiff as the beneficiary by any deception or fraudulent misrepresentation, nor is its cancellation demanded or sought.

The decedent was under no obligation to continue his membership or the payment of assessments. The presumption is that during the 15 years which elapsed between the issuance of this certificate and the death of the member he remained a member and paid his dues relying upon the faith of this certificate that the plaintiff would be the re-

cipient of the moneys due from the defendant upon his death. It cannot be assumed, in view of the change of designation of beneficiary, that he would have continued paying assessments either for his previously designated beneficiary or as a gift to the defendant. He evidently considered that the plaintiff was dependent upon him for support, and felt obligated to support her, and it cannot be said that he did not act in good faith with the association in making the designation. Whether he was unduly intimate with her or not, she had lived in his household and devoted her services to him during the best part of her life without other compensation, so far as appears, than her living expenses. In the absence of fraudulent misrepresentation on the part of the decedent, if the association did not wish to acquiesce in his opinion that the newly designated beneficiary was a "dependent," within the meaning of its constitution and by-laws, it should have required him to state the facts constituting her dependence, or it should have investigated the facts independently. It should not be permitted to acquiesce in this designation, and receive his assessments and dues, for this long period of time, and then after his death refuse to honor the certificate. In these circumstances the defendant is fairly estopped from contesting the validity of the certificate as an ultra vires contract. Vought v. Building, etc., Association, 172 N. Y. 508, 65 N. E. 496, 92 Am. St. Rep. 761; Booth Bros. v. Baird, 83 App. Div. 495, 82 N. Y. Supp. 432. These views render it unnecessary to determine whether the plaintiff was in fact within the class intended to be included by the word "dependent," as used in the constitution and by-laws of the defendant.

It follows that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.