[No. 16041. Department One. December 14, 1920.]

GRACE V. VILDA, *Appellant*, v. HEAD CAMP PACIFIC JURISDICTION WOODMEN OF THE WORLD, and MARY E. WEDDEL, *Respondents*.[1]

INSURANCE (210) — MUTUAL BENEFIT CERTIFICATE — CHANGE OF BENEFICIARY. An oral change of the beneficiary in fraternal insurance is ineffective, where the by-laws required the same to be in writing, with notice to the officers, and no attempt was made to comply with the by-laws.

SAME (207)—PERSONS WHO MAY BE BENEFICIARIES—CHANGE IN LAWS. Where, at the time of the issuance of a benefit certificate, a first cousin was, without legal authority, designated as the beneficiary, and thereafter the by-laws were amended to authorize the designation of first cousins, and the deceased paid dues for sixteen years thereafter, the designation was legal, although no new certificate was issued.

Appeal from a judgment of the superior court for King county, Hall, J., entered August 2, 1920, upon findings in favor of the intervener, upon the pleadings, in an action upon a benefit certificate of life insurance. Affirmed.

*Longfellow & Fitzpatrick*, for appellant.

*Revelle & Revelle* (*Lucas C. Kells*, of counsel), for respondent Weddel.

*H. S. Elliott*, for respondent Woodmen of the World.

[1]Reported in 194 Pac. 395.

PARKER, J.—The plaintiff, Grace V. Vilda, commenced this action in the superior court for King county, seeking recovery from the defendant Woodmen of the World, a fraternal insurance order, upon a benefit certificate issued by that order to Robert J. McCue. Mary E. Weddel intervened in the case, and the controversy thereby became, in effect, one between her and the plaintiff, as to which of them became the real beneficiary under the certificate, upon the death of McCue, though the Order answered, pleading facts supporting the claim of Mary E. Weddel. The case was submitted to the trial court for final decision upon the pleadings, and resulted in judgment in favor of Mary E. Weddel, from which the plaintiff has appealed to this court.

On August 30, 1901, there was issued, by the Order, to McCue, a benefit certificate for the sum of $1,000, conditioned for the payment of that sum to his beneficiary, upon the occurring of his death. All payments necessary to keep the certificate in full force and effect, were made by McCue up to the time of his death, which occurred on February 9, 1919, so that his insurance evidenced by this certificate was then in full force and effect. At the time of the issuance of the certificate on August 30, 1901, McCue caused Mary E. Weddel to be named therein as his beneficiary, designating her relationship to him as that of ''cousin'' and ''dependent.'' She was, in fact, his first cousin, but, for present purposes, we shall assume that she never was his dependent. At the time of issuing the certificate to McCue, the laws of the Order did not provide that a cousin might be a beneficiary of the holder of a benefit certificate; but thereafter, on August 12, 1902, the laws of the order were duly amended with reference to who might be made bene-

ficiaries, permitting first cousins of holders of certificates to be so designated; the amendment reading as follows:

"A benefit certificate can only be made expressly payable to some person or persons named, who sustain to the holder the relationship of either wife, legitimate child, adopted child, grandchild, parent, grand-parent, brother, half-brother, sister, half-sister, nephew, niece, uncle, aunt, brother-in-law, sister-in-law, mother-in-law, father-in-law, step-father, step-mother, step-child, *first cousin* or dependent."

Appellant claims to be a sister and the sole heir of McCue, which, for present purposes, we will assume to be an established fact. It is to be noticed that this amendment to the laws of the Order was adopted within one year after the issuance of the benefit certificate to McCue, and that he continued to make all necessary payments to keep his certificate in full force and effect, covering a period of over sixteen years following the adoption of the amendment permitting the naming of first cousins as beneficiaries. Other facts will be noticed, as may become necessary, as we proceed with our discussion of the contentions made in appellant's behalf.

Some contention is made by counsel for appellant, though presented to us briefly and without citation of any authorities in its support, that McCue changed his beneficiary, and in doing so designated appellant in place of Mary E. Weddel. All the facts relied upon as showing such change are found in the following allegations of appellant's complaint:

"In December, 1918, said Robert J. McCue, deceased, came to the residence of this plaintiff at Anacortes, Skagit county, Washington, and remained with her until his death February 9, 1919, being under the personal care and attention of this plaintiff, and said city being 100 miles from Seattle, Washington. That

while said deceased was with this plaintiff, he expressed the desire that she be the beneficiary under said benefit certificate, and directed that said change be made, and that on the 5th day of February, 1919, said deceased orally changed the beneficiary under said policy to that of this plaintiff, being at said time and prior thereto, confined to his bed at the residence of his sister aforesaid. That said Robert J. McCue, deceased, died thereafter at said place on February 9, 1919.''

It is conceded that McCue had a right to make such change, by doing so in the manner prescribed by the laws of the Order, which, upon that subject, have at all times been as follows:

''If a member in good standing at any time desires a change of any beneficiary, he shall deliver to the Clerk of this Camp his benefit certificate, with written instructions endorsed thereon, above his signature, stating the change desired in the name of the beneficiary, and requesting the Head Clerk to cause new benefit certificate to be issued in accordance therewith, and to cancel existing certificate, and shall also deliver to said Camp Clerk 50 cents, which amount shall be remitted to the Head Banker with his next regular remittance with advice to the Head Auditor. The Clerk of his Camp shall thereupon sign and forward said certificate so endorsed to Head Clerk, who shall thereupon prepare and cause to be signed a new benefit certificate as requested, and forward the same to the Camp Clerk for delivery to the member. In such case, the Head Clerk shall make the proper entries upon his certificate register.

''In case the benefit certificate is lost, destroyed or beyond the member's control, on the member making an affidavit to that effect and waiving all claims under the old certificate, he may have a new certificate issued, either payable to the same beneficiaries or to different beneficiaries, as he may direct, following, as near as practicable, the rule above stated, and paying the same certificate fee.''

These allegations, relied upon as showing a change of beneficiary by McCue, not only fail to show any change as prescribed by the laws of the Order, but they wholly fail to show any effort to comply therewith, looking to the making of such change. Indeed, it is not even shown that any officer of the Order ever knew that such a change was desired by McCue. We are quite convinced that McCue never did effectually designate anyone other than Mary E. Weddel as his beneficiary. *Finnell v. Franklin,* 55 Col. 122, 134 Pac. 122; *Supreme Lodge of Fraternal Brotherhood v. Price,* 27 Cal. App. 607, 150 Pac. 803; *In re Harton's Estate,* 213 Pa. St. 499, 62 Atl. 1058, 4 L. R. A. (N. S.) 939; *Supreme Council American Legion of Honor v. Smith,* 45 N. J. Eq. 466, 17 Atl. 770; *Shuman v. Ancient Order of United Workmen,* 110 Iowa 642, 82 N. W. 331.

It is true that, under some circumstances, equity will relieve against a want of strict compliance with the laws of an Order under which a change of beneficiary is sought to be made by the insured, but plainly we have no facts here which would warrant any relief in that behalf in favor of appellant at the hands of a court of equity. The decision of the Iowa court, last above cited, is enlightening upon this subject.

Appellant also claims that she is entitled to take as beneficiary under the certificate, by virtue of her being the sole heir of McCue, upon the theory that the designation of Mary E. Weddel as beneficiary was, and at all times has, remained ineffectual. We find it unnecessary to discuss the possible rights of appellant as the sole heir of McCue, since we have arrived at the conclusion that the designation of Mary E. Weddel as beneficiary became legally effectual long before the death of McCue, and remained so up until his death.

It is contended, in appellant's behalf, that Mary E.

Weddel is not entitled to take as beneficiary under this certificate, because, at the time of its issuance and of McCue's causing her to be designated therein as his beneficiary, she could not lawfully be so designated by him; and that therefore such designation of her as his beneficiary, was, in legal effect, no designation of a beneficiary. The argument is that all parts of the insurance contract between McCue and the Order must stand or fall by the law and conditions existing at the time of its original making—that is, at the time of the issuance of the certificate in 1901. A number of authorities are cited by counsel for appellant which seem to establish the general rule as being that a person of a class prohibited by positive law from becoming a beneficiary cannot take upon the death of the insured, though expressly named in the insurance contract as beneficiary. Without reviewing these decisions, we think it safe to say that all of them decide cases wherein the designated beneficiary belonged to a prohibited class, not only at the time of the original making of the insurance contract, but, because of no change in the law, continued to belong to the prohibited class up to the time of the death of the insured.

Counsel for appellant also invoke the general rule, as announced in some of the decisions, that the law of the Order, as it existed at the time of the issuance of the benefit certificate, will be held controlling as against a subsequently adopted law of the Order prohibiting persons from becoming beneficiaries who, by the law existing at the time of the issuance of the certificate, could become beneficiaries, in the absence of express language of the subsequently adopted law evidencing an intent to make it retroactive. Some of the cited authorities even go so far as to intimate that such subsequently adopted law could not in any event

be made retroactive, so as to take away from the insured the right to have the insurance contract remain, in that respect, as originally lawfully made. These authorities, however, do not solve our present problem. We may assume that Mary E. Weddel was not a legally designated beneficiary in this certificate at the time of its issuance, nor at any time up to the adoption of the amendment to the laws of the Order in 1902, permitting "first cousins" of the insured to be so designated. But this fact, it is conceded, did not in the least impair the validity of the certificate in all other respects. It is plain that, upon the adoption of the amendment to the laws of the Order as to beneficiaries, it was within the legal rights of McCue to then designate Mary E. Weddel, his first cousin, as his beneficiary, and even the consent of the Order was not necessary to that end.

So there seems practically nothing left to lend support to the arguments here made in appellant's behalf, except the fact that the naming of Mary E. Weddel by McCue, as his beneficiary, was not made in a formal manner after the adoption of the amendment to the laws of the Order. There is nothing in this record indicating that an insured must, in the first instance, communicate his designation of his beneficiary to the Order in any particular manner. For aught that here appears, it is sufficient that the proper officers of the Order be, in any manner, certainly advised by the insured of his designation of his beneficiary, to the end that the certificate may show who is the beneficiary, except when a change of beneficiary is desired to be made. Had McCue, in a formal written communication to the Order, after the adoption of the amendment to its law, designated Mary E. Weddel as his beneficiary under his certificate, he would have been entitled

to a certificate in the exact words of the one he already possessed. The fact that he continued to pay dues, which the Order accepted, upon a certificate which named a beneficiary he had a right to designate, after the amendment to the laws of the Order, is, we think, sufficient evidence of his intent to make Mary E. Weddel his beneficiary, and of the consent of the Order that she be such beneficiary.

We are of the opinion that Mary E. Weddel's rights, and the Order's obligation, are, in law, exactly the same as if this certificate had been issued after the amendment of the laws of the Order, made in 1902. No decision which has come to our notice seems to us decisive of the exact question here to be answered. However, the decision in *National Union v. Keefe,* 172 Ill. App. 101, and *Tramblay v. Supreme Council C. B. Legion,* 90 App. Div. 39, 85 N. Y. Supp. 613, seem to be in harmony with our conclusion.

The judgment is affirmed.

HOLCOMB, C. J., FULLERTON, MACKINTOSH, and BRIDGES, JJ., concur.