JOHN V. ROUNTREE, APPELLANT, v. THE GRAND LODGE OF THE LADIES AUXILIARY TO THE BROTHERHOOD OF RAILROAD TRAINMEN, A CORPORATION, RESPONDENT.—156 S. W. (2d) 784.

Kansas City Court of Appeals.   December 1, 1941.

Lamm & Barnett for appellant.

Montgomery & Salveter for respondent.

BOYER, C.—Appellant, plaintiff below, sought recovery upon an insurance certificate issued by defendant to his wife, Lillie May Rountree. The petition alleged the death of the insured and that plaintiff was the named beneficiary in said certificate. The sufficiency of the petition is not in question. The answer admits that defendant is a fraternal beneficiary association; that plaintiff is the widower of Lillie May Rountree; that on October 30, 1931, defendant executed and delivered to Lillie May Rountree the policy of insurance sued on and that the plaintiff was named and appointed the beneficiary in said policy of insurance; and that said policy was in effect at the death of the insured on January 20, 1940.

For further answer, it is alleged that on the 25th day of August, 1938, the said Lillie May Rountree, pursuant to her rights as the holder of said policy of insurance, revoked the appointment of plaintiff as beneficiary and pursuant to her rights under the rules of defendant association made and constituted a new beneficiary, to-wit, Mrs. Myrtle Herrick; that said change of beneficiary was duly noted in said policy and approved by the defendant and that the said Myrtle Herrick was the true and lawful beneficiary under said policy at the date of the death of the insured; and that defendant paid the full proceeds of said policy to said beneficiary and thereby satisfied all of its lawful obligations under said policy.

It is further alleged that the change of beneficiary was lawfully made pursuant to the rules, laws and regulations of the defendant and under the laws of Ohio; and that if the laws of Missouri are applicable that under said laws the plaintiff was not entitled to the proceeds of the policy.

The reply states that the purported change of beneficiary attempting to make Myrtle Herrick the beneficiary of the certificate sued on was and is void for the reason that she was not a person permitted by law to be made a beneficiary of said insurance, she being a sister of Lillie May Rountree and not dependent on her.

The case was presented to the trial judge upon an agreed statement of facts in which it is agreed that the defendant is a fraternal beneficiary association; that the certificate of insurance was issued on October 30, 1931, to Lillie May Rountree; that plaintiff was her husband at said time and until the date of her death, January 20, 1940; that on August 25, 1938, the insured executed a purported

change of beneficiary whereby she designated Myrtle Herrick, her sister, as the beneficiary of said certificate, and that Myrtle Herrick was not dependent upon the said insured; that the defendant paid Myrtle Herrick the benefits accruing under said certificate after it had received notice that plaintiff claimed to be the true beneficiary. It was further agreed that the constitution and general laws of the defendant society permitted that a sister of the beneficiary member may be a beneficiary of the member's benefit certificate.

The court found the issues for the defendant and rendered judgment accordingly. Plaintiff duly appealed, and asserts error in the finding and judgment because the attempted change of beneficiary was void under the provisions of Section 5995, Revised Statutes of Missouri, 1929, which was in effect at the time Myrtle Herrick was attempted to be named as the beneficiary, and under said statute the said Myrtle Herrick was not in a permissible class of beneficiaries and by reason thereof plaintiff remained the true beneficiary.

Section 5995, referred to was superseded by Section 6110, Revised Statutes of Missouri, 1939, prior to the death of the insured. This section provides "that the insured member shall have the right at all times to change the beneficiary or beneficiaries in accordance with the constitution, by-laws, rules or regulations of the society."

Counsel for both parties agree that the certificate sued upon is a Missouri contract and is to be governed by Missouri law. It also appears to be agreed that Myrtle Herrick could not qualify as a beneficiary under the terms of Section 5995, at the time the insured designated her as such, but that she would be a qualified beneficiary under Section 6110.

Appellant argues that "the act of Lillie May Rountree in signing what purported to be a change of beneficiary was an absolute nullity because it contravened the public policy as expressed in the statute at that time. Being a nullity, some further act upon the part of Lillie May Rountree to change her beneficiary would have been necessary, after the statute was amended in 1939, in order to render the change of beneficiary effectual."

A distinction is noted between restrictions as to the payment of benefits and restrictions upon the designation of beneficiaries. Appellant's counsel argue that even though it may be held that the restrictions as to the payments of benefits should be determined by the law as it existed at the time of the death, yet the restrictions upon the designation of the beneficiary must of necessity be determined according to the law as it existed at the time the attempted change was made. It is suggested further that the statute of 1939, could not be retroactive and did not have the effect of giving life to the act of the insured which was previously void, and it is insisted that "in order for Lillie May Rountree to have effected her purpose to make Myrtle Herrick her beneficiary it would have been necessary

for her to take steps in that direction after the statute had been amended enabling her to do so. As no such steps were taken the original beneficiary, the plaintiff in this case, John V. Rountree, the husband of Lillie May Rountree, remained the beneficiary.'' Counsel for appellant confess that they are unable to cite cases which are directly in point to support their argument, but assert that the statute itself is sufficient authority to determine that the attempted change of beneficiary was void.

Respondent takes the position that the ''designation of a beneficiary in a fraternal benefit certificate not in a permissible class at the time of the designation entitles such named beneficiary to receive the proceeds of the policy upon the death of the insured member, if such designated beneficiary is in a permissible class under the law in force at the time of the insured member's death.'' In addition to the statute of 1939, reliance is placed upon the following authorities: Supreme Council Legion of Honor v. Anna R. Neidlet et al., 81 Mo. App. 598; Vilda v. Head Camp Pacific Jurisdiction, W. O. W. et al., 194 Pac. 395; National Union v. Keefe et al., 172 Ill. App. 101.

In the case of the Supreme Council Legion of Honor v. Neidlet, is found a very close analogy to the case at bar. In that case it appears that the designated beneficiary at the time the certificate was issued was not in an eligible class, either under the laws of the order or under Section 2823, Revised Statutes of Missouri, 1889. The statute, however, was amended in 1897, by the terms of which the named beneficiary fell within a permissible class. The effect of the holding is that the act of 1897, being in force at the date of the death of the insured, was controlling in the case, unless it was necessary that the order should reincorporate or amend its laws to conform them to the provisions of the act. It was held that no reincorporation or amendment of the laws of the order was necessary, and that because the law of 1897, was not followed by the trial court the judgment was reversed and remanded with directions to enter judgment for the named beneficiary.

In the instant case the change of beneficiary was made in complete conformity with the rules and regulations of the society, and the last named beneficiary was competent under said rules and regulations of the insurer.

In the Illinois case, page 109, the court rules:

''It is the law and the charter, by-laws, rules and regulations of the society in force at the time of the death of the member that must control in the determination of the question of the validity of the designation of the beneficiary.''

In the Vilda case the Supreme Court of the State of Washington ruled that an improper designation of a beneficiary became effectual without a new certificate on amendment of by-laws where a person named as beneficiary did not at the time of the issuance of the

certificate belong to one of the classes from which a beneficiary could be chosen.

These cases from other states, while not exactly in point, are enlightening and lend support to the ruling of the St. Louis Court of Appeals in the Neidlet case, and we find no adequate reason for any exception to the ruling in that case. We deem it to rest upon a sound basis. The decision is applicable to the main issue in this case. In conformity with the law as declared there, we find that the qualification of the beneficiary in the instant case must be determined by the law in effect at the time of the death of the insured, and that the change of beneficiary was legally accomplished. Plaintiff never had any vested interest in the certificate and the change in the law did not retroactively deprive him of anything to which he was entitled under the certificate. [The Masonic Benevolent Association v. Bush, 109 Mo. 560; Section 6110, R. S. Mo. 1939.] The judgment of the trial court was for the right party and should be affirmed. The Commissioner so recommends. *Sperry, C.*, concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.