AT

### DES MOINES, OCTOBER TERM, A. D. 1889.

IN THE FORTY-THIRD YEAR OF THE STATE.

---

PRESENT:

HON. JOSIAH GIVEN, CHIEF JUSTICE.
HON. JAMES H. ROTHROCK,
HON. JOSEPH M. BECK,
HON. GIFFORD S. ROBINSON,     } JUSTICES.
HON. CHARLES T. GRANGER,

---

## HAINER et al. v. THE IOWA LEGION OF HONOR.

1.  **Pleading:** AMENDING DEMURRER : ERROR WITHOUT PREJUDICE. If there was error in permitting intervenor to file an amendment to her demurrer after it had been argued and submitted, it was without prejudice, since the amendment in legal effect added nothing to the original.

2.  **Iowa Legion of Honor:** CHANGE OF BENEFICIARY BY WILL OF MEMBER. The constitution of the Iowa Legion of Honor, a mutual benefit insurance fraternity, provides that "any member holding a beneficiary certificate, desiring at any time to make a new direction as to its payment, may do so by authorizing such change in writing, on the back of his certificate, in form prescribed, attested

( 245 )

78   245
87   196
———
78   245
99   126
———
78   245
105  193
———
78   245
114  115
———
78   245
144  469

by the recording secretary, with the seal of the lodge attached, and the recording secretary shall at once report such action to the grand secretary." *Held* that the method thus prescribed for the changing of beneficiaries was exclusive, and that such change could not be made by the last will and testament of the holder of the certificate. (*Stephenson v. Stephenson*, 64 Iowa, 534, *followed in principle.*)

3.  —— : —— : ESTOPPEL OF ORIGINAL BENEFICIARY BY ACCEPTING BENEFITS OF WILL. In this case the holder of the certificate was an unmarried man, and the original beneficiary was his mother. Afterwards he married, and a daughter was born to him, and he provided in his will that his daughter should share with his mother in the benefits of the certificate, and he devised other property to his mother. The mother knew of the provisions of the will, and made no objections thereto, but, on the contrary, at all times expressed her acquiescence in the same, and the deceased was thereby induced to make no other disposition of his estate than as stated in his will. After his death the mother availed herself of the benefits conferred upon her by the will, occupying the premises devised to her, and claiming and controlling the same as and for her own property. *Held* that she was estopped from questioning the legality of the will in so far as it affected the benefits under the certificate—the rule being that no one shall be permitted to claim under a will, and also adversely to it. (See opinion for authorities.)

*Appeal from Carroll District Court.*—HON. J. P. CONNER, Judge.

FILED, OCTOBER 2, 1889.

ACTION upon a certificate of life insurance. The case was submitted upon an agreement that the pleadings and stipulations should constitute an agreed statement of facts. The pleadings show that the plaintiffs are executors of the last will and testament of H. J. Gabel, deceased; that the Iowa Legion of Honor is an incorporated beneficiary society, having for its objects the promotion of fraternity, and to afford financial aid and benefits to the widows, orphans and devisees of deceased members; that section 1, article 7, of the constitution provides that, upon the death of a member in good standing, "such person or persons as said member may have directed, and subject to the limitation of article 1, section 2, shall be entitled to receive of the

beneficiary fund of this order the sum of two thousand dollars." It is also provided in section 11, article 8, that "any member holding a beneficiary certificate, desiring at any time to make a new direction as to its payment, may do so by authorizing such change in writing, on the back of his certificate, in form prescribed, attested by the recording secretary, with the seal of the lodge attached, and the recording secretary shall at once report such action to the grand secretary." On February 27, 1885 (the said H. J. Gabel then being in full life and unmarried), the said society duly issued to him a certificate of membership, entitling him "to participate in the beneficiary fund of the order to the amount of two thousand dollars, which sum shall, at his death, be paid to his mother, Mrs. Josephine M. Gabel," which certificate remained and was in full force at the time of the death of said H. J. Gabel. Upon the back of the certificate was a printed blank for revoking the former direction as to the payment of the beneficiary fund, and directing such payment to be made to another than the one named in the certificate. Thereafter, said H. J. Gabel married. On the tenth day of October, 1887, H. J. Gabel departed this life, leaving his wife, Hermine H., and their daughter Alice, surviving him. On the thirteenth day of September, 1887, he made and published his last will and testament, containing, among other provisions, the following: "*Second.* I give and bequeath to my mother one-half of my two thousand dollars life insurance in the Iowa Legion of Honor, to be invested for her for a yearly income, and at her death to revert to my daughter Alice. *Third.* I give and bequeath to my daughter Alice one-half of the two thousand dollars life insurance in the Iowa Legion of Honor. *Sixth.* I give and devise to my mother an undivided interest in our residence property at LeClaire, Iowa." The Iowa Legion of Honor made a voluntary appearance, and paid to a custodian appointed by the court the sum of two thousand dollars ; and it was stipulated between all the parties that said society should be released from all liability to either party. The

plaintiffs, answering Josephine Gabel's petition of intervention, allege that she is estopped from making any claim to said fund, because, when the certificate was issued, the deceased was an unmarried man, having no children ; that his wife and child, surviving him, were without any separate means of support, and entirely dependent on said deceased for maintenance ; that intervenor had, prior to the decease of said H. J. Gabel, full knowledge of the provisions of said will, and made no objections thereto, but at all times expressed her acquiescence in the same, whereby the deceased was induced to and did rely upon said expressions, and made no other disposition of his estate ; that intervenor has availed herself of the property conferred upon her by said will, occupying the premises devised to her, and claiming and controlling the same as her own. Intervenor demurred to the second count of plaintiffs' answer to her petition on the ground that the facts stated did not constitute an estoppel, which being submitted, the court withheld its ruling thereon, and thereupon the case was fully submitted on the agreed statement of facts. On the same day, and after submission of the case, intervenor filed an amendment to her demurrer, which plaintiffs move to strike, on the grounds that the same was filed after the demurrer was fully argued and submitted, which motion was overruled. Judgment was entered in favor of intervenor, from which judgment plaintiffs appeal.

*E. J. Hainer* and *F. M. Powers*, for appellants.

*Beach & Hoyt*, for appellees.

GIVEN, C. J.—I. If there was error in permitting intervenor to file the amendment to her demurrer, or in overruling plaintiffs' motion to strike said amendment, it was without prejudice, as the amendment presented no new or additional objections to the second count of the petition to those presented in the demurrer itself.

1. PLEADING: amending demurrer: error without prejudice.

II. As the questions raised by the demurrer are the same as those presented by the agreed statement of facts, the ruling on the demurrer will not be separately considered. Two questions are presented by the facts: *First.* Could the deceased make a new direction, as to the person to whom the beneficiary certificate should be paid, by will? *Second.* Is intervenor estopped, by reason of the facts, from claiming as beneficiary under the certificate?

2. Iowa Legion of Honor: change of beneficiary by will of member.

III. Plaintiffs' contention is that section 11, article 8, Constitution Iowa Legion of Honor, is merely permissive, and not mandatory, as to the manner of making a new direction of who shall be beneficiary under the certificate. Intervenor contends that the manner of making the change is a part of the contract, and that the change can only be made in the manner provided in said section 2. *Stephenson v. Stephenson,* 64 Iowa, 534, is a case wherein Robert Stephenson, at his death, held a certificate in the Northwestern Masonic Aid Association, wherein his wife, Rachel, and daughter, Mary Ann Denoon, were named beneficiaries. The by-laws of that association provided: "In all applications for membership the applicant shall designate to whom he desires benefits paid, and his certificate of membership shall be made in conformity therewith: provided, that any member may change the name or names of the beneficiaries designated as aforesaid, upon application in writing to the secretary, stating to whom he desires such benefits paid; whereupon the secretary, upon the surrender of his old certificate, shall change upon the record the name of such beneficiary, and issue a new certificate accordingly, of the same number as the old one." Stephenson made a will bequeathing the money to be paid under this certificate to his sons, Thomas and John, and his daughter, Mary Ann Denoon. This court held that "the mode agreed upon in the contract whereby the name of the beneficiary should be changed was made a matter of substance, and should be complied with. The execution of a will, and therein

naming the persons as beneficiaries, is not such a compliance, because, at the time Robert Stephenson died, the defendant, under the contract, was entitled to the insurance. At that time she was the beneficiary, and her right, at the death of Stephenson, became vested. The will has no effect upon the rights of any one until the death of the testator. It takes effect after his death. Prior to that time it is inoperative." The case at bar does not differ from that in any essential particular; in that the change of beneficiaries could only be made by application to the secretary in writing, and by surrendering the old certificate, and receiving a new one; in this it is done in writing, on the back of the certificate, in form prescribed. In both it was solely at the option of the insured. In the case of Stephenson the application was required to be made to the secretary, the secretary to make the change on the record, and to issue a new certificate, that the association might know who the beneficiary was. In the case at bar, and to the same end, it is required that the change in writing, on the back of the certificate, shall be attested by the recording secretary with the seal of the lodge; that the recording secretary shall report at once such action to the grand secretary. In neither case had the association, or their secretary, any power to control the making of the change. We fail to see any difference in principle between the two cases, and, following the case of Stephenson and the cases therein cited, we hold that the execution of the will, and therein naming other persons as beneficiaries under the certificate, was not the making of a new direction as to the beneficiaries under the certificate in the manner provided, such as to entitle the plaintiffs to recover.

IV. The facts stated in the answer to the petition of intervenor, and relied upon as estopping the intervenor from now claiming the fund in question, are that, after taking the certificate, and naming intervenor as the beneficiary, the deceased married and had a daughter born to him; that intervenor knew of the provisions of

3. ——: ——: estoppel of original beneficiary by accepting benefits of will.

the will, and made no objections thereto, but, on the contrary, at all times expressed her acquiescence in the same; and that the deceased was thereby induced to make no other disposition of his estate than stated in the will; that intervenor has availed herself of the benefits conferred upon her by said will, occupying the premises devised to her, and claiming and controlling the same as and for her own property. Estoppels are of three kinds: by record, by deed, and *in pais*. It is said in relation to estoppel *in pais* that there can be no fixed and settled rules of universal application to regulate them, as in technical estoppels. In most instances, whether the act of admission shall operate by way of estoppel or not must depend upon the circumstances of the case. *Welland Canal Co. v. Hathaway*, 8 Wend. 481. The estoppel is allowed to prevent fraud and injustice, and exists wherever a party cannot, in good conscience, gainsay his own acts or assertions. Again, it is said that where a party, either by his declarations or conduct, has induced a third person to act in a particular manner, he will not afterwards be permitted to deny the truth of the admission, if the consequence would be to work an injury to such third person, or to some one claiming under him. The acts and admissions of a party operate against him in the nature of an estoppel where, in good conscience and honest dealing, he ought not to be permitted to gainsay them. The acts or admissions will not operate as an estoppel unless the party has acted upon them, and then it will only be conclusive in favor of the party who has so acted, and persons claiming under him. See *Lucas v. Hart*, 5 Iowa, 415. The admitted fact is that intervenor knew of the provisions of the will during the life of H. J. Gabel, made no objections thereto, but expressed her willingness thereto and acquiescence in the same; and that the deceased was thereby induced to and did rely on said expressions, and made no other disposition of his estate than as stated in his will. It is evident that the testator believed that he had a right to

dispose of the fund in question by will, and that his will was that his estate, including this fund, should be divided as directed in the will. Had he known that he could not dispose of this fund by will, he, no doubt, would have designated the desired change in the beneficiary by endorsement on the certificate. According to the facts as stated, intervenor induced him, by not objecting, and by expressions of acquiescence in the will, to believe that the provisions made would be carried out. Intervenor has accepted the provisions made for her in the will, and we think that, in view of these facts, she should not now be permitted to avail herself of the provisions of the will as far as they are favorable to her, and deny them so far as they are adverse. "A party cannot, either in the course of litigation or in dealings *in pais*, occupy inconsistent positions. Upon that rule election is founded. A man shall not be allowed to approbate and reprobate. One who has taken a beneficial interest under a will is thereby held to have confirmed and ratified every other part of the same, and he will not be permitted to set up any right or claim of his own, however legal and well founded it may otherwise have been, which would defeat or in any way prevent the full operation of the will." Bigelow, Estop. 642. "It is an exceedingly stubborn principle that no one shall be permitted to claim under, and adverse to, a will. If the testator assumes to dispose of property belonging to a devisee or legatee, the latter, accepting the benefit, must also make good the testator's attempted disposition." *White v. Brocaw*, 14 Ohio St. 339. See, also, *Havens v. Sackett*, 15 N. Y. 365; *Ditch v. Sennott*, 117 Ill. 362. In 1 Jarmin on Wills, 386, the doctrine of election is stated thus: "That he who accepts a benefit under deed or will must adopt the whole contents of the instrument, conforming to all its provisions, and renouncing every right inconsistent with it." We think it very clear, upon the principle of justice, and upon these authorities, that the intervenor, having accepted the property devised to her in the will,

is estopped from denying the validity of the other provision touching the fund in question, and that the district court erred in sustaining the demurrer, and in finding for intervenor upon the facts, and entering judgment thereon. The judgment of the district court is

REVERSED.