GREEN BAY LUMBER COMPANY, Appellant, v. EDWIN THOMAS *et al.*

**Mechanic's Lien:** SUB-CONTRACTOR. The owner is not protected against a sub-contractor's lien, to the extent of payments made to the contractor in anticipation of the time of payment specified in the contract, with knowledge of the sub-contractor's claim.

ESTOPPEL OF SUB-CONTRACTOR. Where a sub-contractor represented to the owner, before settlement with the principal contractor, that he would not look to the owner for payment for materials furnished, he is estopped from claiming a lien as to part of an installment due at that time to the principal contractor, which was paid by the owner to other sub-contractors on the strength of such representation.

*Appeal from Jackson District Court.*—HON. A. J. HOUSE, Judge.

THURSDAY, OCTOBER 6, 1898.

SUIT in equity to establish and enforce a mechanic's lien. Plaintiff is a subcontractor who furnished lumber and material to defendant Thomas, the principal contractor, for the erection of a house upon land belonging to defendant Dunham. Defendants admit that lumber was furnished, but say

that plaintiff did not file its lien within the time required by statute; that the owner has paid the contractor in full; and that plaintiff, by reason of certain representations and statements is estopped from enforcing its lien. Decree for defendants, and plaintiff appeals.—*Reversed in part.*

*D. A. Fletcher, G. L. Johnson,* and *C. C. & C. L. Nourse* for appellant.

*Levi Keck* and *Wm. Graham* for appellees.

Deemer, C. J.—The first question in the case is, did the plaintiff file its lien and serve notice upon the owner within thirty days after furnishing the last item of material? It filed its lien and served the notice on the twenty-second day of December, 1896. There is a serious dispute as to when the last item of material was furnished. Appellant claims it was on the twenty-third day of November, while appellees insist it was on the twenty-first. Careful consideration of the evidence leads us to the conclusion that it was on the twenty-third, and that the lien was filed and notice given in time.

Appellees insist, however, that the owner paid in strict accord with the terms of his contract, and that the lien, if any, can only be established for the amount remaining unpaid at the time the notice was served. The contract price of the building was four thousand one hundred dollars, which was to be paid as follows: Seven hundred dollars when the foundation was completed and the lumber was on the ground; one thousand dollars when the roof was on; five hundred dollars when the building was ready for plastering; three hundred dollars when the plastering was completed; and the remainder, one thousand six hundred dollars when the entire building was completed. There was also an agreed bill of two hundred and forty-two dollars for extras which was to be paid upon the completion of the building. The owner did not pay according to the terms of his contract, for when the building was accepted, which was some time in

December, 1896, the balance found due on settlement was about three hundred and seventy-nine dollars. The owner knew plaintiff was furnishing material for the building, and also knew before she made settlement with Thomas that plaintiff's bill had not been paid. Under this state of facts it is clear that the plaintiff's lien should be established. *Simonson Bros. Mfg. Co. v. Citizens' Bank,* 105 Iowa, 246, and cases cited. The case of *Epeneter v. Montgomery County,* 98 Iowa, 159, is not in point, for the reason that in that case the payments were made in strict accord with the terms of the contract, while in this case they were made in disregard of its terms; and for the further reason that that case was made to turn upon the provisions of chapter 179, Acts Twentieth General Assembly.

Again, it is argued that plaintiff is estopped from asserting its lien by reason of certain representations made by its agents to the owner of the building before final settlement was made with the principal contractor. This argument is based upon the claim that the plaintiff's agent represented to defendant Dunham, prior to the time of the final settlment with Thomas, that it would not look to the owner for payment for the materials furnished, and that, relying upon this statement, the owner made a final settlement with the principal contractor. At the time it is claimed this conversation took place, the owner was owing the principal contractor three hundred and seventy-nine dollars and thirty-five cents. Thereafter she paid one hundred and twenty dollars of this amount to some plumbers, and sixty dollars to a painter, and the balance, to-wit, one hundred and ninety-nine dollars and thiry-five cents she turned over to plaintiff, leaving a balance due it of five hundred and thirty-eight dollars and thirty cents. We are satisfied that this one hundred and eighty dollars was paid upon the strength of certain statements and agreements made by plaintiff's agent, and that plaintiff is estopped from insisting upon re-payment of this amount. Our conclusion is that plaintiff is entitled to have

its lien established against the property described in the petition as owned by defendant Julia B. Dunham, to the amount of three hundred and fifty-two dollars and twenty-eight cents, with six per cent. interest from December 22, 1896, and the costs of suit. At plaintiff's option, exercised within twenty days from the filing of this opinion, it may have a decree in this court; otherwise the cause will be remanded to the lower court for a decree in harmony with this opinion. As to the defendant Thomas the decree is AFFIRMED, and as to the defendant Dunham it is REVERSED.