James E. McClanahan, et al., Appellants, v. Rachel McClanahan, Adm'rx., etc., Appellee.

Transactions with decedents: COMPETENCY OF WITNESS.  Where a
1  right asserted by a claimant against an estate depends for its existence and validity upon a transaction between the deceased and a third person, the evidence of such third person is not competent under Code Section 4604, to prove the transaction.

*Appeal from Polk District Court.—* Hon. W. H. McHenry, Judge.

Wednesday, January 17, 1906.

This is an appeal from an order in probate.  The facts are stated in the opinion.— *Affirmed.*

*C. E. Hunn* and *T. C. Legoe,* for appellants.

*Baily & Stipp,* for appellee.

Bishop, J.— In the year 1902 C. J. McClanahan died in Polk county, intestate, and the defendant is administratrix of his estate.  January 17, 1903, the appellant James E. McClanahan filed in the matter of said estate a verified claim, demanding the sum of $632.30 as due to him, and being the balance of a debt due on account of moneys left

with C. J. McClanahan in his lifetime, to be held by him in trust for said James E. December 17, 1902, the other appellants, Lambert Bros., filed in said estate a verified claim for $250 and interest, based upon a promissory note given by the decedent to James E. McClanahan and by the latter indorsed to said Lambert Bros.

By consent of parties the claims were consolidated for the purposes of a hearing, and a jury waived. Upon trial before the court the claim of James E. McClanahan was disallowed and dismissed, and the claim of Lambert Bros. was allowed in the sum of $202.32, with interest and costs. Both claimants appeal.

The facts of the claim made by James E. McClanahan, as alleged by him, and briefly stated, are these: That in the year 1894 he sold a tract of land owned by him in Keokuk county to his son G. J. McClanahan; that for reasons of his own he took in part payment of the purchase price a note, secured by mortgage on the real estate, for $600, drawn payable to the decedent, C. J. McClanahan, who was his brother; that in December, 1898, the note, with interest, was paid by G. J. McClanahan to decedent; that the latter was to hold the note and the proceeds thereof in trust; and that he died without making an accounting therefor.

To prove payment to decedent there was called as a witness G. J. McClanahan, and he was allowed to testify.— ruling upon objection being reserved — to payment of $600 made on December 22, 1898, and $141.55 made on December 5, 1899. The objection was based on Code, Section 4604. " No party to any action or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party or interested person derives any interest or title by assignment or otherwise, . . . shall be examined as a witness in regard to any personal transaction between such witness and a person at the commencement of such examination deceased . . . against the executor . . . or such de-

ceased person." We think the objection was well taken. It is manifest that whatever rights the claimant had arose out of the trust relation and the alleged payment by the witness to the deceased. The witness was, then, a person through whom the claimant derived an interest. It is not necessary that the interest should be derived by transfer or assignment. It may be "otherwise," and, as used, that word is one of broad significance. It means that, if the right asserted by a claimant depends for its existence and validity upon a transaction between the deceased and a third person, the evidence of such third person shall not be allowed to prove the transaction. *Wormley v. Hamburg,* 40 Iowa, 22; *Giesecke v. Seevers,* 85 Iowa, 685.

The trial court, in passing judgment, rejected the evidence, and found that there was no proof of payment to the deceased, and hence there could be no recovery against the estate on the part of claimant McClanahan. And of such finding we approve.

The note held by Lambert Bros. was admitted to be genuine. It was acquired by them, however, after maturity, and there was evidence tending to prove that, while the note was still the property of James E. McClanahan, payments had been made thereon aggregating the sum of $100. The court found such to be the fact, and deducted such payments from the amount of the face of the note and interest, and allowed the balance as a claim against the estate. We are bound by the finding made as of the verdict of a jury.

We conclude that there was no error, and the judgment as to both appellants is *affirmed.*