GOODWIN TILE AND BRICK COMPANY et al., Appellants, v. MARION DEVRIES et al., Appellees.

No. 46440.

MARCH 7, 1944.

H. E. deReus, of Knoxville, for appellants.

Klein & Klein and G. G. Gaass, all of Pella, Johnson & Johnson, of Knoxville, and L. S. Forrest, of Des Moines, for appellees.

OLIVER, J.— Kuyper Builders Material Company filed the mechanic's lien, and thereafter assigned the same to Goodwin Tile and Brick Company. Both companies joined as plaintiffs in the foreclosure suit. Marion DeVries and wife, as owners of the property, the principal contractor, and various lien claimants were defendants. Trial resulted in judgment against the principal contractor for $989.49, plus interest, and decree denying establishment and foreclosure of the mechanic's lien against the real estate. Plaintiffs have appealed, complaining of the refusal

of the court to establish the mechanic's lien against the real estate. For convenience, Kuyper Builders Material Company will be referred to as appellant, and Marion DeVries as appellee.

Paul DeWit was a building contractor at Pella, Iowa. Appellant agreed to furnish him the lumber, brick, tile, etc., for his various contracts at prevailing prices and to give him a ten per cent cash discount when he paid his bill. Appellant kept separate accounts for each job. About November 1, 1940, De Wit contracted to build a house for appellee. The agreed price for labor and materials was $4,110. The house was to be ready for occupancy February 15, 1941, and all work completed a month later.

February 7, 1941, DeWit assigned the contract to a bank as collateral security for a loan of $3,000. Before completing the loan the bankers called at appellant's office, told Mr. Kuyper of the assignment, and inquired about appellant's bill against DeWit for materials for appellee's house. The bankers testified Mr. Kuyper looked at appellant's records and stated the bill was $1,400; that they asked him if appellant would be satisfied with a payment of $1,200, and he said, "That was all right." Mr. Kuyper testified he did not remember what figures he gave the bankers but that he quoted the figures shown in the books. The books show the bill was then about $1,850. On February 8th the bank paid appellant $1,200 for DeWit.

Appellee occupied the house about February 16th. He testified that about February 18th, and before he paid anything on the contract, he went to appellant's lumberyard and asked Mr. Kuyper how DeWit "was standing with my lumber bill because I wanted to make a payment"; that Mr. Kuyper said about $200 or $250; that appellee then said, "If that is all, I suppose it will be all right to make the [a] payment," and Mr. Kuyper said, "It was all right." Appellant's books show the account was $795.86, on February 18th.

Mr. Kuyper testified he did not have any recollection of the conversation testified to by appellee. The trial court accepted appellee's version of the conversation. This finding is entitled to substantial weight. We have considered the record accordingly and are satisfied the finding is correct.

On February 19th appellee paid the bank the $3,000 assigned to it, and, at DeWit's order, paid $800 to appellee's father-in-law for a debt owed the latter by DeWit. Appellee testified he made these payments on the contract in reliance upon his conversation with Mr. Kuyper.

The house was not finished on February 16th, when appellee moved into it. Appellant's itemized statement shows charges for materials on nineteen separate days between February 18th and April 8th. About April 15th, DeWit absconded, leaving the contract uncompleted. Thereafter, appellee furnished the labor and some materials to finish siding the house, construct sidewalks, paint the house, etc. Three hundred ten dollars of the contract price was unpaid. The value of the materials and labor furnished by appellee to complete the contract equalled or exceeded this amount.

Appellee contends that appellant is estopped to claim a mechanic's lien against the property by its conduct in the foregoing matters. The doctrine of equitable estoppel is a familiar one. It is applied to prevent fraud and injustice and exists wherever a party cannot in good conscience gainsay his own acts or assertions. Hainer v. Iowa Legion of Honor, 78 Iowa 245, 43 N. W. 185. The fraud may be either actual or constructive. Anfenson v. Banks, 180 Iowa 1066, 163 N. W. 608, L. R. A. 1918D, 482. A fraudulent intention is not essential. It is enough if a fraudulent effect would follow, allowing a party to set up a claim inconsistent with his former declarations or conduct. Helwig v. Fogelsong, 166 Iowa 715, 148 N. W. 990; Browning v. Kannow, 202 Iowa 465, 210 N. W. 596.

The essential elements of equitable estoppel, or estoppel in pais, have been listed as false representation or concealment of material facts; made to one without knowledge of the real facts, with the intention that it be acted upon; and reliance thereon by the party to whom made, to his prejudice and injury. Stookesberry v. Burgher, 220 Iowa 916, 262 N. W. 820. That each element should be proven clearly, convincingly, and satisfactorily is noted in Smith v. Coutant, 232 Iowa 887, 891, 6 N. W. 2d 421, 424, which, after considering many authorities, states:

"In general, the doctrine of equitable estoppel is based upon the grounds of public policy, fair dealing, good faith,

and justice, and its purpose is to forbid one to speak against his own act, representations, or commitments, to the injury of one to whom they were directed and who reasonably relied thereon. Such a doctrine is neither odious nor in disfavor, in either law or equity.''

In Green Bay Lumber Co. v. Thomas, 106 Iowa 154, 76 N. W. 651, we held that a subcontractor who told the owner he would not look to the latter for payment was estopped from claiming a lien as to the amount of a payment made by the owner to other subcontractors on the strength of such representation.

On February 18th appellee advised appellant he wanted to make a payment to the principal contractor and asked the amount of appellant's bill. Mr. Kuyper told him it was $200 or $250. Appellee then said if that was all the contractor owed, he supposed it would be ''all right'' to make a payment and was told ''it is all right.'' Appellee did not say how much he wanted to pay the principal contractor, but, in view of the fact that the contract was unfinished, the language used indicates he proposed to pay in part only at that time. Under the circumstances, the conversation cannot be fairly interpreted as constituting an express waiver of lien. Nor does the language appear inconsistent with an intent to rely upon the lien.

However, appellee was told appellant's bill did not then exceed $250. Appellee relied upon this representation and paid the contractor such an amount that the payment of appellant's bill would be a loss to him. He should not be required to shoulder the part of the loss caused by appellant's representation. To allow appellant a lien for more that $250 for material furnished prior to February 18th would result in a fraud upon appellee. By its conduct appellant is estopped to deny the truth of said representation of fact. We conclude that only $250 of that part of the bill should be established as a lien against the property.

The other part of appellant's bill covers materials furnished the principal contractor after February 18th, amounting to $193.63. Although at the time of the conversation on February 18th appellee must have known some additional materials would be required to complete the contract, nothing was said

570

about that part of the bill. Hence, appellant is not estopped to assert its lien for those items.

It follows that the mechanic's lien should be established and foreclosed against the property in the sum of $443.63, plus interest. This results in the reversal of that part of the decree of the trial court which denied the establishment of the lien in any amount. The cause is remanded for decree in harmony with this opinion. The costs of this appeal are taxed one half to appellants and one half to appellees Marion DeVries and wife.—Reversed and remanded.

All JUSTICES concur.